[No. F062063. Fifth Dist. Sept. 4, 2012.]

RAY BATARSE, Plaintiff and Appellant, v.
SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000,
Defendant and Respondent.

822

**COUNSEL**

Ray Batarse, in pro. per., for Plaintiff and Appellant.

Kaufman, Borgeest & Ryan, Jeffrey S. Whittington and Nicholas W. Sarris for Defendant and Respondent.

**OPINION**

**HILL, P. J.**—This is an appeal from a judgment entered after the trial court granted the motion for summary judgment filed by defendant, Service Employees International Union, Local 1000 (SEIU). The trial court determined plaintiff's opposition to the motion failed to include a separate statement of disputed and undisputed facts that conformed to the requirements of Code of Civil Procedure section 437c, subdivision (b)(3),[1] and rule

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3.1350 of the California Rules of Court;[2] it exercised its discretion under section 437c, subdivision (b)(3) to grant the motion on that basis. Plaintiff contends the trial court abused its discretion by failing to grant a continuance in order to permit him to file a proper separate statement. We conclude the trial court did not abuse its discretion by denying the motion. Further, plaintiff has not established any prejudice arising from the denial of an opportunity to correct the defective separate statement. The facts outlined and the evidence cited by plaintiff in his opposition, even if presented in a proper separate statement, did not raise a triable issue of material fact sufficient to defeat SEIU's motion. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The operative pleading, plaintiff's third amended complaint, alleged causes of action for racial and gender discrimination,[3] retaliation, negligent supervision and retention, and wrongful termination in violation of public policy. It alleged plaintiff was employed by defendant SEIU as a union resource center representative/labor relations representative from March 17, 2008, through August 8, 2008. SEIU is the exclusive bargaining representative of its members. Plaintiff applied for the position and was interviewed twice in February or March 2008. In his interviews, he was asked why he was no longer practicing law and he explained that he resigned from the State Bar due to personal matters involving a divorce and issues with his law practice. Plaintiff was hired, subject to a one-year probationary period.

At SEIU's Bakersfield office, plaintiff met Bertha Sanchez, who was district labor council (DLC) president for area 729. Plaintiff was required to work with Sanchez; Sanchez was rude, used profanity, and tried to have plaintiff's employment terminated. In August 2008, plaintiff told Brian Caldeira, union resource center coordinator, that Sanchez was discriminating against him because of race or gender, or both, and plaintiff thought he should complain to human resources or the Department of Fair Employment and Housing. Caldeira told him to hang in there. Shortly after this, plaintiff was terminated. He was replaced by a Hispanic person. The third amended complaint alleged plaintiff was harassed by Sanchez because he was a Caucasian male, and he was terminated in order to placate or satisfy Sanchez and Marc Bautista, a member of upper level union management, because they were influential in the union elections and preferred Hispanics. Plaintiff alleged SEIU had actual knowledge of the hostile work environment, discrimination and retaliation to which plaintiff was exposed, but failed to take action to remedy it. The third

[2] All further references to rules are to the California Rules of Court unless otherwise indicated.

[3] The cause of action for gender discrimination was apparently voluntarily dismissed by plaintiff in connection with a demurrer to the third amended complaint.

amended complaint also alleged defendant negligently supervised and retained Sanchez and Bautista, who had trouble working with Caucasian males and were known to retaliate against them.

On June 23, 2010, SEIU moved for summary judgment or summary adjudication, arguing there was no evidence it discriminated against or harassed plaintiff on the basis of his race; there was no evidence SEIU retaliated against plaintiff for any protected activity; and there was no evidence it negligently retained any employee. The motion also asserted SEIU had a legitimate business reason for terminating plaintiff's employment. SEIU's separate statement of undisputed material facts presented the same 67 factual statements for each cause of action. Those facts indicated plaintiff was a probationary at-will employee supervised by Richard Rojas. Plaintiff testified in deposition that the only time Sanchez used racially derogatory statements was when she called some Caucasian individuals "gringos." Other SEIU personnel, including those involved in the decision to terminate plaintiff's employment, did not discriminate, harass, or retaliate against him based on race. Plaintiff never contacted human resources or complained to anyone at SEIU about discrimination or harassment due to race.

SEIU also presented undisputed facts, supported by evidence, to show it had a legitimate business reason for terminating plaintiff's employment. Its separate statement presented facts and evidence demonstrating that plaintiff had presented false information in his employment application and interviews. Plaintiff represented he resigned from the State Bar because of problems with his law partners, when he actually had no law partners. He made other false representations about the nature and extent of his law practice. In 2004, he was disciplined by the State Bar after stipulating to wrongdoing. In 2006, when he resigned from the State Bar, he had additional charges pending against him. He did not disclose the disciplinary actions or charges to SEIU during the employment application process. In August 2008, Caldeira advised Paul Harris, chief counsel for SEIU, that he had learned plaintiff had resigned from the State Bar with charges pending. Harris investigated using the State Bar's Web site and determined plaintiff had made false statements during the hiring process and had omitted material information: that plaintiff had been disciplined prior to his resignation from the bar and his wrongdoing involved failing to respond to client inquiries and failing to perform legal services competently. The job for which plaintiff was hired involved responding promptly to union members and diligently representing them. Based on these facts, Harris made the decision to terminate plaintiff's probationary employment and instructed Caldeira to terminate him. At that time, Harris was not aware of plaintiff's race or national origin or of any complaints he might have made about discrimination, harassment or retaliation.

On November 2, 2010, plaintiff filed a memorandum of points and authorities in opposition to SEIU's motion for summary judgment, along with several declarations and an opposition to SEIU's separate statement of undisputed material facts. The opposition to the separate statement indicated almost all of SEIU's facts were undisputed. In response to some fact statements, plaintiff indicated the fact was disputed, but failed to identify any evidence supporting the existence of a dispute. Only a few of plaintiff's responses to SEIU's factual statements indicated the fact was disputed and cited supporting evidence. Plaintiff did not file a separate statement of additional material facts in an attempt to show that a triable issue of fact existed regarding whether SEIU's asserted legitimate reason for terminating plaintiff's employment was actually a pretext for discrimination. Plaintiff's memorandum of points and authorities, however, included facts and citations to supporting evidence that were not included in his opposition to SEIU's separate statement.

On November 3, 2010, the day after his opposition was filed, plaintiff presented an ex parte application seeking to continue the hearing of the motion for summary judgment in order to permit plaintiff to conduct further discovery. SEIU opposed the application and the court denied it.

On November 12, 2010, SEIU filed its reply to the opposition to its motion for summary judgment. It pointed out that plaintiff had not disputed sufficient facts in his separate statement to raise a triable issue of material fact. It argued that the facts discussed by plaintiff in his opposition at most showed Sanchez was mean and unruly, but did not establish any discriminatory animus by any SEIU employee. SEIU raised evidentiary objections to the declarations submitted by plaintiff.

The trial court's tentative ruling was to grant the motion for summary judgment. Although it overruled SEIU's objections to plaintiff's evidence, it tentatively found plaintiff had not shown racial discrimination or retaliation. He also had not filed a separate statement of additional facts to overcome SEIU's showing that it had a legitimate business reason for terminating plaintiff's employment. Further, the court noted plaintiff's separate statement cited no evidence in support of most of its assertions that facts were disputed. Citing the golden rule of summary judgment—that if matter is not set forth in the separate statement it does not exist—the trial court tentatively exercised its discretion to grant the motion. At the hearing on November 16, 2010, plaintiff conceded his separate statement was defective and noted the court had discretion to continue the hearing to allow the defect to be cured. The court took the matter under submission, and later granted the motion on the grounds set out in the tentative ruling and discussed at the hearing.

On December 6, 2010, plaintiff filed a motion for reconsideration. He argued SEIU failed to make two witnesses available for deposition prior to the date his opposition to the motion for summary judgment was due, and the transcript of Sanchez's deposition, which was taken shortly before the hearing, was not available at the hearing. He also argued the court had discretion to continue the hearing to permit him to file a proper separate statement, and the evidence he submitted in opposition to the motion, although not cited in the separate statement, was sufficient to raise a triable issue of fact regarding his discrimination and retaliation claims. The trial court concluded plaintiff's motion did not present any new facts, circumstances, or law that would justify reconsideration, and it denied the motion. Judgment was eventually entered in favor of SEIU and against plaintiff. Plaintiff appeals.

## *DISCUSSION*

### I.   *Standard of Review*

Ordinarily, the trial court's decision on a motion for summary judgment is reviewed de novo. "As a summary judgment motion raises only questions of law regarding the construction and effect of supporting and opposing papers, this court independently applies the same three-step analysis required of the trial court. We identify issues framed by the pleadings; determine whether the moving party's showing established facts that negate the opponent's claim and justify a judgment in the moving party's favor; and if it does, we finally determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citations.]" (*Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1342 [67 Cal.Rptr.2d 726].) "The trial court's decision to grant a motion for summary judgment because the opposing party failed to comply with the requirements for a separate statement, however, is reviewed for an abuse of discretion. [Citations.]" (*Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208 [35 Cal.Rptr.3d 411] (*Parkview*).) A trial court's exercise of discretion will be disturbed only for clear abuse. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) " 'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' [Citations.]" (*Id.* at p. 566.)

## II. *Deficiencies in the Separate Statement*

The opposition to a motion for summary judgment is required to "include a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed." (§ 437c, subd. (b)(3).) Each disputed fact must be followed by a reference to supporting evidence. (*Ibid.*) "Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (*Ibid.*) The specific format of the opposing separate statement is prescribed by rule 3.1350: "An opposing party who contends that a fact is disputed must state . . . the nature of the dispute and describe the evidence that supports the position that the fact is controverted." (Rule 3.1350(f).)

■ "When the opposing party fails to file a separate responsive statement the trial court is presented with two choices. It can grant the motion for summary judgment based on the absence of the separate statement or it can continue the motion or otherwise permit the filing of a proper separate statement. [Citations.] Whichever choice the court makes must be based on the circumstances before the court. 'A trial court's exercise of discretion will be upheld if it is based on a "reasoned judgment" and complies with the ". . . legal principles and policies appropriate to the particular matter at issue." ' [Citation.]" (*Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89, 94 [5 Cal.Rptr.2d 220] (*Security Pacific*).)

In *Security Pacific*, the plaintiff filed a motion for summary judgment; the defendant, represented by counsel, filed opposition that included a separate statement of disputed and undisputed facts. The trial court denied the motion without prejudice because it was not in proper form; it vacated the trial date to permit the plaintiff to refile the motion. In response to the second motion, the defendant, then appearing in propria persona, filed opposition that omitted the separate statement. The trial court granted the plaintiff's motion on the ground the defendant failed to file a separate statement. (*Security Pacific, supra*, 4 Cal.App.4th at p. 92.) The reviewing court reversed.

■ The court noted that the trial court did not abuse its discretion by refusing to hear the motion without a separate statement. "Only when a case involves a single, simple issue with minimal evidentiary support will a trial court consider the merits unaccompanied by a separate statement." (*Security Pacific, supra*, 4 Cal.App.4th at p. 94.) The trial court did, however, abuse its discretion by failing to allow the defendant an opportunity to file a separate statement. The usual circumstances justifying denial of a continuance, such as

proximity to trial, prejudice to the other party, previous dilatory conduct, and abuse of pretrial procedures, were absent. (*Id.* at p. 96.) The court opined that "granting a motion for summary judgment based on a procedural error by the opposing party is equivalent to a sanction terminating the action in favor of the other party," and it is an abuse of discretion to impose terminating sanctions if the party's procedural violation is not willful. (*Id.* at pp. 97–98.) The defendant's failure to file a separate statement in response to the plaintiff's second motion was not willful, because he apparently believed the separate statement filed in response to the first motion applied to the second motion. (*Id.* at p. 98.) The failure to file a separate statement was a curable defect; there was no showing the defendant would not have filed it if he had been given an opportunity to do so. "[U]nless the trial court has reason to believe no responsive statement would be filed even if the respondent was afforded a reasonable opportunity to file one, the respondent should be afforded that opportunity rather than suffer a judgment not supported by a decision on the merits." (*Id.* at p. 99.)

In *Parkview*, the defendant moved for summary judgment. Although the plaintiff's opposition included declarations and a response to the defendant's separate statement of facts, some of the responses in the separate statement referred only generally to the supporting declarations, without specifying the page and line where the supporting evidence appeared. The trial court granted the motion based on the inadequate separate statement. (*Parkview, supra,* 133 Cal.App.4th at pp. 1207–1208.)

The court reversed the judgment, concluding the trial court abused its discretion by granting the motion without affording the plaintiff an opportunity to correct the deficiencies in the separate statement. (*Parkview, supra,* 133 Cal.App.4th at p. 1210.) "There is no doubt Parkview Villas's failure to comply with these requirements for a separate statement made the task of the trial court more difficult. [Citation.] And we do not question the right of a trial court to refuse to proceed with a summary judgment motion in the absence of an adequate separate statement from the opposing party. [Citation.] But the proper response in most instances, if the trial court is not prepared to address the merits of the motion in light of the deficient separate statement, is to give the opposing party an opportunity to file a proper separate statement rather than entering judgment against that party based on its procedural error." (*Parkview, supra,* 133 Cal.App.4th at p. 1211.)

The court rejected application of the golden rule of summary judgment: that " '[a]ll material facts must be set forth in the separate statement. . . . "[I]f it is not set forth in the separate statement, it does not exist." ' [Citations.]" (*Parkview, supra,* 133 Cal.App.4th at p. 1213, italics omitted.) Prior cases applied the rule where the *moving party's* separate statement was defective,

so the result was a trial on the merits, or where the defect was the failure to identify a disputed material fact, not the evidence supporting it. (*Ibid.*) The court observed that the "it" referred to in the golden rule "is the undisputed material fact"; the fact, not the evidence, must appear in the separate statement or be disregarded. (*Id.* at p. 1214.) "Overly general references to supporting evidence, of course, may place an undue burden on busy trial courts [citation] and need not be tolerated . . . . However, in the absence of extraordinary circumstances not present here, a trial court faced with an opposing party's defective separate statement plainly indicating which proposed material facts are disputed and including at least general references to the evidence supporting its position does not have the discretion to enter a judgment against that party solely as a result of that party's failure to explain the nature of the dispute and to provide sufficiently specific citations to the evidence supporting its position. [Citations.]" (*Parkview, supra,* 133 Cal.App.4th at pp. 1214–1215.)

In *Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408 [94 Cal.Rptr.3d 288] (*Kojababian*), the defendants filed a motion for summary judgment. The plaintiff filed an opposition requesting a continuance so the plaintiff could conduct further discovery; it did not address the merits of the motion or include a separate statement of disputed and undisputed facts. The trial court denied the continuance and granted the motion because the opposition contained neither a separate statement nor any evidence raising a triable issue of material fact. (*Id.* at pp. 413–414.)

The appellate court affirmed. It rejected the plaintiff's argument, based on *Security Pacific*, that the absence of a separate statement was a curable defect. The defect in *Security Pacific* was the result of a procedural mistake; the defect in *Kojababian* "was based upon a lack of admissible evidence in opposition to the motion, as evidenced by his request for a continuance under section 437c, subdivision (h). Allowing plaintiff additional time to file a separate statement would have been futile because he did not have the evidence necessary to submit a complying separate statement." (*Kojababian, supra,* 174 Cal.App.4th at p. 419.) The court concluded: "[P]laintiff could not cure the defect without the continuance. Allowing plaintiff the opportunity to file a separate statement would, in effect, give him the continuance to which the trial court concluded he was not entitled under section 437c, subdivision (h). Although it was within the discretion of the trial court to allow plaintiff to file a proper statement [citation], given the defendants' prima facie showing in support of their motion for summary judgment and plaintiff's failure to support his request for a continuance, the trial court did not abuse its discretion in granting the motion under section 437c, subdivision (b)(3) without first affording plaintiff an opportunity to file an opposing separate statement." (*Id.* at p. 420.)

In *Oldcastle Precast, Inc. v. Lumbermens Mutual Casualty Co.* (2009) 170 Cal.App.4th 554 [88 Cal.Rptr.3d 363] (*Oldcastle*), the defendants' separate statement in response to the plaintiff's motion for summary judgment listed only four of the plaintiff's 46 factual statements as disputed. The trial court sustained the plaintiff's objection to the defendants' supporting evidence and granted the motion. The appellate court rejected the defendants' argument that the trial court abused its discretion by refusing to give them time to revise their separate statement. (*Oldcastle, supra*, 170 Cal.App.4th at p. 573.) Although the defendants argued they raised a triable issue of fact regarding the affirmative defenses of waiver and estoppel, the responsive separate statement did not mention those defenses, identify any disputed facts regarding them, or identify, even generally, any evidence supporting the defenses; the evidence it did cite was inadmissible. (*Id.* at p. 575.) The deficiencies in the separate statement were substantive, not a curable procedural defect, so summary judgment was properly granted. (*Id.* at p. 576.)

■ This case does not involve a single simple issue with minimal evidentiary support, which could be heard even without a separate statement. In an action asserting claims of discrimination based on disparate treatment[4] and retaliation, the court applies a "three-stage burden-shifting test." (*Guz v. Bechtel National, Inc., supra*, 24 Cal.4th at p. 354 (*Guz*); see *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042 [32 Cal.Rptr.3d 436, 116 P.3d 1123] (*Yanowitz*).) At trial, the plaintiff bears the initial burden to establish a prima facie case of discrimination or retaliation; if he does so, a presumption of discrimination or retaliation arises. (*Guz, supra*, at p. 354; *Yanowitz, supra*, at p. 1042.) The burden then shifts to the employer to rebut the presumption by producing admissible evidence that its adverse employment action was taken for a legitimate, nondiscriminatory or nonretaliatory reason. (*Guz, supra*, at pp. 355–356; *Yanowitz, supra*, at p. 1042.) If it does so, the burden shifts back to the plaintiff to "attack the employer's proffered reasons as pretexts for discrimination" or retaliation, or to offer other evidence of intentional discrimination or retaliation. (*Guz, supra*, at p. 356; see *Yanowitz, supra*, at p. 1042.)

A defendant moving for summary judgment, however, may skip to the second step of the analysis and demonstrate that it had a legitimate business reason, unrelated to race, other protected classification, or retaliation, for taking its employment action. (*Guz, supra*, 24 Cal.4th at p. 357.) The plaintiff

---

[4] " 'Disparate treatment' is *intentional* discrimination against one or more persons on prohibited grounds. [Citations.]" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 354, fn. 20 [100 Cal.Rptr.2d 352, 8 P.3d 1089].) An alternative theory of unlawful discrimination is disparate impact, in which "a facially neutral employer practice or policy, bearing no manifest relationship to job requirements, in fact had a disproportionate adverse effect on members of the protected class. [Citations.]" (*Id.* at p. 354, fn. 20, italics omitted.) Plaintiff does not argue disparate impact.

then has "the burden to *rebut* this facially dispositive showing by pointing to evidence which nonetheless raises a rational inference that intentional discrimination [or retaliation] occurred." (*Ibid.*)

In its motion, SEIU attempted to show both that plaintiff could not establish a prima facie case of discrimination and retaliation, and that SEIU had a legitimate business reason for terminating plaintiff's employment that was unrelated to his race or to retaliation. Thus, the motion presented multiple issues regarding whether plaintiff could establish a prima facie case of discrimination or retaliation, whether defendant established a legitimate business reason for terminating plaintiff's employment, and whether plaintiff raised a triable issue of fact disputing the asserted reason and showing intentional discrimination or retaliation. The motion also presented issues of negligent supervision or retention of SEIU employees. Consequently, the trial court was justified in declining to consider plaintiff's opposition without a separate statement that conformed to the requirements of section 437c, subdivision (b)(3), and rule 3.1350(f).

This case appears to fall somewhere between *Kojababian* and *Oldcastle.* As in *Kojababian*, plaintiff filed an ex parte application to continue the hearing of the motion for summary judgment, asserting further discovery was needed to obtain evidence necessary to his opposition to the motion. The application was denied for failure to comply with section 437c, subdivision (h). Unlike *Kojababian*, however, plaintiff's memorandum of points and authorities in opposition to the motion addressed the merits of the motion for summary judgment. It was accompanied by declarations and excerpts from deposition transcripts. It presented legal arguments and included fact statements with citation to the evidence allegedly supporting them. Although plaintiff's ex parte application indicated he lacked evidence he felt was necessary to his opposition, plaintiff nonetheless presented some evidence in support of his opposition. That evidence, however, was generally not cited in the separate statement.

■ As in *Oldcastle*, where the defendants' separate statement disputed a few of the plaintiff's facts regarding liability, but did not contain any reference to the affirmative defenses they asserted remained in issue, plaintiff's separate statement merely disputed a few of SEIU's facts without including additional facts attempting to affirmatively show pretext or otherwise overcome SEIU's asserted reason for termination. Plaintiff's separate statement did not dispute any of the facts showing SEIU had a legitimate reason for terminating his employment; that is, it did not dispute any of the facts regarding plaintiff being disciplined by the State Bar or concealing or making misrepresentations about the reasons for his resignation. Plaintiff's separate statement did not present his own additional facts attempting to

affirmatively show that SEIU's asserted legitimate reason for terminating his employment was actually a pretext for discrimination or retaliation. Thus, the defect in plaintiff's separate statement was not a mere curable procedural defect. Having admitted facts establishing a prima facie showing that SEIU had a legitimate business reason for terminating plaintiff's employment, plaintiff failed to present a separate statement containing additional facts and evidence in an attempt to show SEIU's reason was untrue or a pretext for discrimination. The trial court did not abuse its discretion by granting the motion without affording plaintiff an opportunity to correct the defects in his separate statement.

## III. Reversible Error

Even if we were to find an abuse of discretion, however, we would not reverse the judgment, because any error was not prejudicial. "A judgment may not be reversed on appeal . . . unless 'after an examination of the entire cause, including the evidence,' it appears the error caused a 'miscarriage of justice.' [Citation.] When the error is one of state law only, it generally does not warrant reversal unless there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached. [Citation.]" (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574 [34 Cal.Rptr.2d 607, 882 P.2d 298].) If plaintiff had been granted a continuance to file a proper separate statement, in order to place the facts and evidence he contended raised a triable issue of fact in his separate statement, instead of in the memorandum of points and authorities, the facts and evidence cited would still have been insufficient to defeat the summary judgment motion.

SEIU presented facts and evidence showing that plaintiff was disciplined by the State Bar in 2004 for misconduct in three cases; he "stipulated that he failed to respond to client inquiries, return client files, perform legal services competently or cooperate with the bar's investigation." In September 2006, plaintiff resigned from the State Bar with further charges pending. When he applied for employment with SEIU, plaintiff made misrepresentations of fact in his cover letter, resume and application regarding the nature and extent of his law practice, although he acknowledged in the application that any omission or misstatement would constitute grounds for immediate termination. In two interviews, when asked why he resigned from the State Bar, plaintiff stated he resigned due to personal issues. He did not disclose that he resigned with charges pending.

In August 2008, Caldeira informed Harris that he had recently learned plaintiff resigned from the State Bar with charges pending. Harris reviewed the bar's information and determined plaintiff made false statements about his

resignation during the hiring process and omitted material information about his discipline and the misconduct to which he stipulated. Based on the false statements, the withheld information, and the misconduct to which plaintiff stipulated, which included failing to respond to client inquiries and to perform legal services competently, Harris determined plaintiff should be terminated during his probationary period. Harris instructed Caldeira to terminate plaintiff's employment, and Caldeira did so. When he made the decision to terminate plaintiff's employment, Harris was not aware of plaintiff's race or national origin or of any complaints of discrimination, harassment, or retaliation plaintiff made to anyone at SEIU. Plaintiff did not dispute any of these facts in his opposition.

■　When the defendant moving for summary judgment produces substantial evidence of a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts to the plaintiff to prove intentional discrimination. (*Morgan v. Regents of University of California* (2000) 88 Cal.App.4th 52, 68 [105 Cal.Rptr.2d 652] (*Morgan*).) The plaintiff must " ' "offer substantial evidence that the employer's stated nondiscriminatory reason for the adverse action was untrue or pretextual, or evidence the employer acted with a discriminatory animus, or a combination of the two, such that a reasonable trier of fact could conclude the employer engaged in intentional discrimination." ' [Citation.] An employee in this situation can not 'simply show the employer's decision was wrong, mistaken, or unwise. Rather, the employee " 'must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them "unworthy of credence," [citation], and hence infer "that the employer did not act for the [. . . asserted] non-discriminatory reasons." [Citations.]' [Citations.]" [Citation.]' " (*Id.* at p. 75.)

■　" '[T]he plaintiff may establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." ' [Citation.] Circumstantial evidence of ' "pretense" must be "specific" and "substantial" in order to create a triable issue with respect to whether the employer intended to discriminate' on an improper basis. [Citations.] With direct evidence of pretext, ' "a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial." [Citation.] The plaintiff is required to produce "very little" direct evidence of the employer's discriminatory intent to move past summary judgment.' [Citation.]" (*Morgan, supra,* 88 Cal.App.4th at pp. 68–69, fn. omitted.) " 'Direct evidence is that which, "if believed by the trier of fact, will prove the particular fact in question without reliance upon inference or presumption." [Citations.]' " (*Trop v. Sony Pictures Entertainment, Inc.* (2005) 129 Cal.App.4th 1133, 1147 [29 Cal.Rptr.3d 144].) Direct evidence may take the

form of admissions by a decision maker that the adverse employment action was taken because of the employee's membership in the protected class. (*Ibid.*)

In his memorandum of points and authorities in opposition to the motion for summary judgment, plaintiff set out three statements of fact, two with supporting evidence, which he asserted constituted direct evidence of SEIU's discriminatory motive. He also set out 30 statements of fact, most with references to supporting evidence, which he contended constituted indirect evidence of intentional discrimination—evidence that SEIU's proffered explanation for his termination was unworthy of credence.

As direct evidence of intentional discrimination, plaintiff cites the following three facts: (1) "Plaintiff has asserted that he was replaced by a Hispanic individual . . . no more qualified than Plaintiff for the position." Plaintiff cites no evidence that his replacement was Hispanic or that the replacement was no more qualified than plaintiff. (2) Sanchez "has shown a refusal to try and get along with the representatives that were assigned to her DLC, who happen to be Caucasian males." The declaration of Angela Moralez, cited in support, states that Sanchez "has simply refused to attempt to get along with" males she worked with; Moralez identified two Caucasian males, one who resigned two months into his employment and another Sanchez "failed to get along with." Other unidentified males (of unidentified race and ethnicity) left within months of employment "because of their inability to get along with Ms. Sanchez and Ms. Sanchez's refusal to attempt to [get] along with any of them." Moralez states her belief that Sanchez used her influence to have plaintiff terminated, but admits she "cannot say for certain[] that it was because of [plaintiff's] race, gender, or in retaliation for his conduct." The declaration of Tim Chaney, also cited in support of this statement, admits he has not personally heard Sanchez make derogatory remarks about Caucasians, but opines that "she has shown an inability or refusal to get along with Caucasian males." (3) Within the first couple of weeks of plaintiff's employment, plaintiff's supervisor received a phone call from a member saying the member looked plaintiff up on the State Bar Web site and did not want him to represent the member.

None of this constitutes direct evidence of discriminatory or retaliatory motive. The first fact is completely unsupported by evidence. The second constitutes mere opinion about Sanchez's conduct and motivations. The third does not demonstrate unlawful discrimination or retaliation.

Plaintiff set out 30 facts in an attempt to show by circumstantial evidence that SEIU's proffered reason for termination was unworthy of credence and his termination was more likely the result of a discriminatory motive. Plaintiff

asserts he did not hide his bar resignation from SEIU. The issue, however, was not concealment of his resignation, but concealment of the reasons for it; plaintiff admitted that concealment in his responsive separate statement. Plaintiff presented facts attempting to show that his job performance was satisfactory. It is not enough, however, to " 'show the employer's decision was wrong, mistaken, or unwise' "; plaintiff must show it was intentionally discriminatory. (*Morgan, supra,* 88 Cal.App.4th at p. 75.) Plaintiff submitted facts attempting to show SEIU gave multiple reasons for his termination. He cited no evidence that any of the reasons, other than the false representations and concealment relating to the reasons for plaintiff's resignation from the State Bar, were proffered by anyone in a position to speak on behalf of SEIU. The cited evidence included rumors circulated by unspecified "Union employees," statements allegedly made by Sanchez, beliefs of the individual witnesses, and matters the witness could not recall.

Plaintiff also presented facts and evidence regarding Sanchez's desire to have plaintiff's employment terminated and unresolved complaints others made about Sanchez's conduct. None of the facts or evidence, however, demonstrated Sanchez's abhorrent behavior was directed only toward Caucasian males or was motivated by an intent to discriminate based on race or ethnicity; rather, they suggested Sanchez was generally unpleasant and offensive toward those she worked with.

Finally, plaintiff asserted again that he was replaced by a Hispanic person; again he cited no evidence supporting that assertion, however. He presented as facts that Nicholas Webber, a Caucasian male, resigned and was replaced by a Hispanic person; he also stated Webber resigned "because he was having a hard time managing the expectations of the job and it was too big for him to handle." Webber's replacement was a new attorney who had recently passed the bar examination. Webber had a conversation with "Kay Bentsel at the Sacramento headquarters for SEIU" in which someone (plaintiff does not specify who) implied the replacement might fare better in the Fresno office because he was Hispanic. Except for the fact the replacement was Hispanic, none of these facts is supported by evidence in the record. Plaintiff cited Webber's deposition transcript in support, but the transcript is not in the record.

Once the employer makes its showing of a legitimate reason for the employment action, to " 'avoid summary judgment . . . , an employee claiming discrimination must offer substantial evidence that the employer's stated nondiscriminatory reason for the adverse action was untrue or pretextual, or evidence the employer acted with a discriminatory animus, or a combination of the two, such that a reasonable trier of fact could conclude the employer engaged in intentional discrimination.' [Citation.]" (*Wills v. Superior*

*Court* (2011) 195 Cal.App.4th 143, 160 [125 Cal.Rptr.3d 1].) Plaintiff did not show SEIU's reason for his termination was untrue; he admitted in his separate statement that he made misrepresentations about his State Bar resignation during the application process. He admitted he concealed the fact that he resigned with charges pending and he stipulated to wrongdoing, including failing to respond to client inquiries and failing to perform legal services competently. There is nothing unreasonable or incredible about the asserted reason for plaintiff's termination that would indicate it was a pretext for discrimination or retaliation. Plaintiff cited no substantial evidence of any racial or ethnic discriminatory animus. Consequently, even if the trial court had continued the hearing of the motion for summary judgment in order to permit plaintiff to put his facts and evidence in the proper form in a separate statement of undisputed and disputed facts, there was no reasonable probability that a result more favorable to plaintiff would have been reached. Plaintiff has not demonstrated prejudicial error.[5]

## *DISPOSITION*

The judgment is affirmed. SEIU is entitled to its costs on appeal.

Cornell, J., and Kane, J., concurred.

---

[5] Plaintiff also failed to raise a triable issue of fact as to his causes of action for wrongful termination in violation of public policy and negligent supervision and retention. In his opposition to the motion, plaintiff made no separate argument in support of his wrongful termination cause of action. His argument in favor of his cause of action for negligent supervision and retention consisted of an assertion that the claim was "tethered into his claims for discrimination and retaliation, which, if proven, will permit a claim for negligent supervision and retention." Thus, his other claims fail along with his discrimination and retaliation claims.