Filed 6/27/13  Kajioka v. Reynoso CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KEN KAJIOKA, | F064144 |
| Plaintiff and Appellant, | (Super. Ct. No. 634093) |
| v. | |
| ANALUISA REYNOSO, | **OPINION** |
| Defendant and Respondent. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Roger M. Beauchesne, Judge.

Law Offices of Michael L. Abbott and Michael L. Abbott for Plaintiff and Appellant.

Law Office of David M. Jamieson and David M. Jamieson for Defendant and Respondent.

-ooOoo-

---

[*]        Before Wiseman, Acting P.J., Levy, J. and Poochigian, J.

This is an appeal from summary judgment entered in favor of respondent and defendant Analuisa Reynoso and against appellant and plaintiff Ken Kajioka. We affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

It is alleged in the operative first amended complaint that plaintiff in 2008 entered into two agreements to loan money to Bouthavy Tyler Manivong and his business, Pacific A.R.C. Manivong attempted to repay the loans with checks drawn on an account he held jointly with defendant, his wife. The first check, for $120,000, was dishonored by defendant's credit union for insufficient funds. The second check, for $14,000, was rejected by the credit union pursuant to a stop payment order. Manivong was subsequently arrested on "charges relating to financial fraud." The facts concerning loans to Manivong were not established for purposes of the summary judgment motion. The only facts asserted in support of plaintiff's theories of liability were that the checks were drawn on a joint checking account in the name of defendant and Manivong.

The operative first amended complaint alleges a first cause of action against Manivong, but not against defendant, for breach of contract. The remaining causes of action include defendant, and are: second cause of action, quantum meruit; third cause of action, money due on open account; and fourth cause of action, account stated. (A fifth cause of action for fraud was dismissed.) Defendant and Manivong filed a joint answer. Defendant, separately, filed a motion for summary judgment, together with a statement of undisputed facts and supporting documents. Plaintiff filed an opposition, including a statement of disputed and undisputed facts. Defendant filed a reply and an additional declaration in support of the motion. After being granted a continuance to do so, plaintiff filed a further opposition addressing that declaration.

The uncontested evidence in the summary judgment motion established that plaintiff did not receive any check signed by defendant, did not ever meet her, and did not talk to her or negotiate with her. Plaintiff alleged in the operative first amended

2.

complaint that "it is abundantly established that [all the named defendants, including Manivong and defendant] received the benefit of the proceeds" of the two loans, and that they "conspired and cooperated with each of the other Defendants to receive, distribute, spend, enjoy and prevent the collection of the payment of the indebtedness evidenced" by the two promissory notes for the loans. But the evidence submitted in opposition to the summary judgment motion did not attempt to support any of these allegations. Instead, the opposition to the summary judgment motion contended that defendant's liability to plaintiff arose "[b]ecause she did not disclaim liability or authority for" the checks after she became aware of them.

The trial court granted the motion for summary judgment. The court concluded there was no evidence that Manivong was acting as defendant's agent or representative in executing the two checks. It concluded defendant was not involved in financial transactions with plaintiff and did not benefit from the underlying loans, and that plaintiff had failed to establish any triable issue of fact concerning these issues.

## DISCUSSION

Plaintiff's sole contention on appeal is that defendant failed to specifically deny in her answer "the authenticity of, and authority to make, each signature on the instrument," (U. Com. Code, § 3308, subd. (a)) and therefore she "admitted liability" on the checks (full capitalization omitted). Accordingly, plaintiff contends, summary judgment was error.

There are two primary problems with plaintiff's theory. First, it is elementary that the "'pleadings delimit the issues to be considered on a motion for summary judgment. [Citation.]' [Citation.] Thus, a 'defendant moving for summary judgment need address only the issues raised by the complaint; the plaintiff cannot bring up new, unpleaded issues in his or her opposing papers.' [Citation.]" (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1253; see also *Batarse v. Service Employees Internat. Union,*

3.

*Local 1000* (2012) 209 Cal.App.4th 820, 827 [on appeal, as in the trial court, the first step is to "'identify [the] issues framed by the pleadings'"].)

Here, the striking fact is that plaintiff did not sue defendant on the checks. Instead, he sued her on theories of quantum meruit, open account, and account stated. Each of these theories (causes of action generally referred to as "common counts") has its own elements. (See 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 553, pp. 680-682; see *id*., § 565-566, pp. 691-692.) Each requires an allegation of consideration flowing from the plaintiff to the defendant, such as goods sold or work done, for which the defendant has failed to pay. (*Id*., § 557, pp. 685-686.) The first amended complaint generally pleaded the necessary elements for common counts causes of action. For example, in the quantum meruit cause of action, plaintiff alleged he loaned money to Manivong and the money was "used and enjoyed" by all defendants. However, plaintiff offered no proof of these allegations whatsoever in his opposition to the motion for summary judgment, and admitted that he had no business or any other dealings with defendant at any time before the checks were tendered to him by Manivong. The first amended complaint did not attempt to state a cause of action against defendant *on the checks* (see U. Com. Code, § 3414, subd. (b)) and, accordingly, the existence of the checks did not, in itself, raise any triable issue concerning the common counts causes of action. (*Laabs, supra,* 163 Cal.App.4th at p. 1253.) The trial court impliedly concluded plaintiff failed to establish a triable issue of fact material to the common counts causes of action, expressly finding that there was no evidence of liability on the loans to Manivong, no evidence of any business or personal relationship between plaintiff and defendant, and no evidence that defendant benefitted by the loans to Manivong.

The second problem with plaintiff's theory is that section 3308, subdivision (a), of the California Uniform Commercial Code, upon which plaintiff relies, is not relevant to any issue in this case. That section states, in part: "In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is

admitted unless specifically denied in the pleadings." However, as noted above, this is not "an action with respect to an instrument"—although a check is an instrument (U. Com. Code, § 3104, subd. (f)), plaintiff has not sued on the check. In addition, defendant has not sought to contest either the authenticity of Manivong's signature nor his authority to sign checks on the joint checking account. Instead, she contests (and specifically denied in her answer) any liability to plaintiff at all. Different considerations of authenticity and authority might pertain if, for example, the checks had been honored by the credit union and defendant were suing plaintiff to recover community funds. In that case, relevant issues might arise concerning Manivong's authority to draw a check on the joint account. But that is not the case before us. In the present case, the issue is not the authenticity of Manivong's signature or his authority to write a check on the joint account; the issue is whether defendant has any liability to plaintiff.

Even if we were to assume that this was an action on the two checks, instead of the action on common counts that plaintiff actually pleaded, the issue would be whether defendant was a "drawer" of the checks under section 3103, subdivision (a)(3) of the California Uniform Commercial Code. A drawer of a check is "a person who signs or is identified in a draft as a person ordering payment."[1] Defendant, as plaintiff acknowledges, did not sign either of the checks. Nor is she identified in the draft as a person ordering payment. Instead, her name appears on the pre-printed checks as one of the owners of the account who is authorized to write checks on the account. Her name does not appear on the check as a person ordering payment of these particular checks. Plaintiff cites section 3402, subdivision (a), of the California Uniform Commercial Code, in support of his contention that any "person whose name appears on the face of [joint account] checks, whether or not she signs the checks, … is liable for the debt incurred

---

[1] Under the Uniform Commercial Code, a check is a "draft, other than a documentary draft, payable on demand and drawn on a bank." (*Id*., § 3104, subd. (f).)

thereby." That section, however, provides only that "[i]f a person acting, or purporting to act, as a representative signs an instrument by signing either the name of the represented person or the name of the signer, the represented person is bound by the signature to the same extent the represented person would be bound if the signature were on a simple contract…." This section is only applicable where the signing person is acting or purporting to act as a representative of another person; otherwise, the general rule of section 3401, subdivision (a), is applicable: "A person is not liable on an instrument unless … the person signed the instrument …." In the present case, there is no allegation or evidence that Manivong was acting or purporting to act as a representative of defendant. On the face of the instruments, Manivong purported to draw the checks in his own right, as one of the owners of the joint account, not as defendant's representative. Plaintiff has failed to establish as a triable issue of fact that Manivong was defendant's representative when he issued the checks.

## DISPOSITION

The judgment is affirmed. Defendant is awarded costs on appeal.

6.