Filed 8/21/15  Miller-Brumfield v. Cal. Dept. of State Hospitals CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| KATHERINE MILLER-BRUMFIELD,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF STATE HOSPITALS,<br><br>     Defendant and Respondent. | D068044<br><br><br><br>(Super. Ct. No. CIVDS1202395) |

APPEAL from a judgment of the Superior Court of San Bernardino County,

Bryan F. Foster, Judge.  Affirmed.


Lyon Law, Geoffrey C. Lyon, Eugene R. Long, Jr., and Nathaniel N. Peckham for

Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney

General, Celine M. Cooper and Melissa F. Day, Deputy Attorneys General for Defendant

and Respondent.

INTRODUCTION

Katherine Miller-Brumfield (Brumfield) appeals from a summary judgment granted in favor of her former employer, the California Department of State Hospitals (the Department), on her first amended complaint (complaint) alleging discrimination and retaliation related claims. She contends the trial court erred in finding the doctrine of res judicata barred her claims. We conclude claim preclusion bars some of her claims. As to her remaining claims, we conclude either she cannot establish a prima facie case of discrimination or she cannot establish the Department's actions were a pretext for discrimination or retaliation. We, therefore, affirm the judgment.

BACKGROUND

Brumfield worked for the Department as a psychiatric technician at Patton State Hospital (Hospital). In July 2009 Brumfield filed a complaint with the Department of Fair Employment and Housing (DFEH) alleging race discrimination, denial of medical leave, and retaliation (first DFEH complaint).

A few months later, in October 2009, the Department provided Brumfield with a notice of adverse action (first notice) advising her she would be discharged in 14 days. As grounds for the discharge, the first notice alleged in March 2009 she repeatedly failed to provide direct, constant supervision to a patient who, because of a history of assaultive behavior, required a two-person escort to a court hearing. The first notice further alleged in July 2008 she repeatedly failed to provide direct, constant supervision to a patient she escorted to dialysis treatment and she made rude, unprofessional remarks to one of the correctional officers transporting the patient.

2

The Hospital's executive director met with Brumfield before the effective date of the discharge. He modified the adverse action from a discharge to a temporary 10 percent salary reduction because Brumfield had never previously received a notice of adverse action and because he believed she could learn from her misconduct and avoid similar errors of judgment in the future. She appealed the first notice (administrative appeal) to the State Personnel Board (Board).

Meanwhile, in January 2010 Brumfield applied for a promotion to staff mental health specialist. In March 2010 a panel interviewed and scored the applicants for the position on the applicants' knowledge, communication skills, leadership abilities, and education. The Department promoted the three highest scoring applicants. They were a Hispanic male, who scored 97 out of 100; an African-American male, who scored 90; and a Hispanic female, who scored 89. Brumfield scored a 77. Six other applicants scored higher than Brumfield. Four of those applicants were women.

The same month, the DFEH sent Brumfield a letter indicating its investigation into her first DFEH complaint did not uncover sufficient information to establish a statutory violation. Consequently, the DFEH closed its case on the first complaint and sent her a right-to-sue letter.

In July 2010 Brumfield filed a second complaint with the DFEH (second DFEH complaint). The second DFEH complaint contained the same allegations as her first DFEH complaint. It also contained new allegations, including that she was denied the promotion to staff mental health specialist.

3

In October 2010 Brumfield filed a complaint with the Board under the California Whistleblower Protection Act (Gov. Code, § 8547 et seq.)[1] (whistleblower complaint). The whistleblower complaint alleged her immediate supervisor and members of the Hospital's upper management engaged in numerous acts of discrimination, harassment, retaliation, and violations of statutes and administrative directives between June 2008 and September 2010.

In March 2011 the DFEH sent Brumfield a letter advising her it had investigated her allegations of discrimination in the second DFEH complaint and determined there was insufficient evidence to sustain them. Five days later, the DFEH closed the case and sent her a right-to-sue letter.

In the interim, the Board consolidated the hearing on Brumfield's administrative appeal and her whistleblower complaint. Following the hearing, which spanned three days in June 2011, the administrative law judge who presided over the matter issued a proposed decision. The Board adopted the decision in August 2011. In the decision, the Board dismissed the whistleblower complaint, finding Brumfield's "complaints about individual employment rights do not constitute protected disclosures under … section 8547.2, subdivision (d)." The Board further sustained the adverse action, finding the temporary salary reduction was just and proper as Brumfield had engaged in conduct constituting inexcusable neglect and discourteous treatment in violation of section 19572,

---

[1] Further statutory references are also to the Government Code unless otherwise stated.

4

subdivisions (d) and (m), respectively. Brumfield did not file a petition for writ of mandate challenging the Board's decision.

In October 2011 the Department served Brumfield with a second notice of adverse action (second notice) advising her she would be discharged in seven days. As grounds for the discharge, the second notice alleged that in May 2011, Brumfield failed to provide direct, constant supervision of a patient assigned to her for one-to-one care because he was at risk for falling. She also failed to complete an observation record for the patient, which had to be updated and initialed every 15 minutes, and she falsely stated she had asked a coworker to watch the patient for her. The second notice additionally alleged in June 2011 she misused the Hospital's e-mail system by sending an e-mail to dozens of employees accusing a coworker of discrimination and retaliation and accusing the administrative law judge assigned to hear her administrative appeal and whistleblower complaint of deliberately lying and abusing his authority.

The Hospital's executive director met with Brumfield before the effective date of the discharge. He found no reason to modify the adverse action because the conduct underlying the second notice was similar to the conduct underlying the first notice, Brumfield had not learned from her mistakes, and there was a strong likelihood she would commit the same misconduct in the future. Brumfield appealed her discharge to the Board, but later dismissed the appeal.

In March 2012 Brumfield filed a third complaint with the DFEH (third DFEH complaint). The same day, at her request, the DFEH closed the case and sent her a right-to-sue letter. The same day she also filed the instant action for gender discrimination,

5

race discrimination, disability discrimination, failure to make reasonable accommodations, medical leave discrimination, retaliation, and failure to prevent harassment and discrimination.

In August 2013 the Department moved for summary judgment on multiple grounds, including that the doctrine of res judicata barred Brumfield's causes of action, she could not establish a prima facie case of discrimination, and she could not establish the reasons for the Department's adverse actions were pretextual. The court granted the motion, agreeing the doctrine of res judicata barred Brumfield's causes of action.[2]

## DISCUSSION

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.] Under California's traditional rules, we determine with respect to each cause of action whether the defendant seeking summary judgment has conclusively negated a necessary element

---

[2] The trial court determined the statute of limitations precluded Brumfield from basing any of her causes of action on alleged conduct occurring before July 27, 2009. Brumfield forfeited any claim of error regarding this determination because she did not raise any issue regarding it in her opening brief. (*Kelly v. CB & I Constructors, Inc.* (2009) 179 Cal.App.4th 442, 451-452.) For the same reason, she forfeited any claim of error regarding the granting of summary judgment on her failure to reasonably accommodate cause of action. (*Ibid.*) Also for the same reason, she forfeited any claim of error regarding the granting of summary judgment on her discrimination, retaliation, and failure to prevent discrimination causes of action on any bases other than the temporary reduction of her salary, the failure to promote her, and her discharge. (*Ibid.*) Finally, she forfeited any claim of error regarding the granting of summary judgment on her medical leave discrimination cause of action because she did not oppose the Department's motion for summary judgment as to this cause of action. (*Ibid.*)

of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that the defendant is entitled to judgment as a matter of law." (*Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 334, fns. omitted.) " 'We are not bound by the [trial] court's stated reasons for its summary judgment ruling; rather, we examine the facts before the trial court then independently determine their effect as a matter of law.' " (*Basurto v. Imperial Irrigation Dist.* (2012) 211 Cal.App.4th 866, 877.)

# I

# A

# 1

The doctrine of res judicata has frequently been used "as an umbrella term encompassing both claim preclusion and issue preclusion." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823 (*DKN*).) "Claim preclusion 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.] Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. [Citations.] If claim preclusion is established, it operates to bar relitigation of the claim altogether." (*Id.* at p. 824, italics omitted.)

Issue preclusion "prevents relitigation of previously decided issues." (*DKN*, *supra*, 61 Cal.4th at p. 824.) "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4)

asserted against one who was a party in the first suit or one in privity with that party."

(*Id*. at p. 825.)

2

Despite the Department's contrary arguments, claim and issue preclusion do not apply to decisions by the Board on whistleblower complaints.  Such decisions, by legislative design, have no preclusive effect in a subsequent judicial proceeding.  (*Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 672-673; *State Bd. of Chiropractic Examiners v. Superior Court* (2009) 45 Cal.4th 963, 976; *Bjorndal v. Superior Court* (2012) 211 Cal.App.4th 1100, 1108.)  We, therefore, focus our analysis on whether the Board's decision on Brumfield's administrative appeal has any preclusive effect on any of the causes of action in her complaint.

B

1

Preliminarily, Brumfield contends claim preclusion may never apply to the Board's decisions on administrative appeals.  She is mistaken.  Provided the prerequisites for claim preclusion are met, it may apply to a final, quasi-judicial determination by an administrative agency.  (*Astoria Fed. Sav. & Loan Ass'n v. Solimino* (1991) 501 U.S. 104, 107-108; *Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 867.)

The Board's decision on Brumfield's administrative appeal is final for claim preclusion purposes because she did not challenge the decision in a mandate action. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65, 71; *Basurto v. Imperial Irrigation Dist.*, *supra*, 211 Cal.App.4th at p. 878.)  She also does not dispute her

administrative appeal involved the same parties as this case.  Thus, whether claim preclusion applies in this case depends on whether her administrative appeal involved any of the same causes of action as her complaint.

2

As to this requirement, claim preclusion " 'is based upon the primary right theory.' [Citation.]  'The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.  [Citation.]' [Citation.]  'As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered.  [Citation.]  It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." ' "  (*Wade v. Ports America Management Corp.* (2013) 218 Cal.App.4th 648, 657.)

The injury for which Brumfield's administrative appeal sought relief was her temporary salary reduction.  The primary right involved was Brumfield's right not to have her salary reduced for wrongful reasons.  The same injury and, consequently the same primary right, are at issue in Brumfield's discrimination, retaliation, and failure to prevent discrimination causes of action.  Brumfield could have raised any discrimination and retaliation claims connected with this injury in her administrative appeal because such claims would have been within the scope of the administrative appeal, related to its subject matter, and relevant to the issues presented.  (*Wade v. Ports America Management Corp.*, *supra*, 218 Cal.App.4th at p. 658.)  Accordingly, claim preclusion

9

bars Brumfield's discrimination, retaliation, and failure to prevent discrimination causes of action to the extent they are based on the temporary salary reduction. (*Id.* at p. 659.) Given this conclusion, we need not address whether issue preclusion bars Brumfield's causes of action as to this injury.

II

Brumfield next contends the Board's decision on her administrative appeal has no preclusive effect on the causes of action in her complaint to the extent the causes of action are based on the Department's failure to promote her or on her discharge. We agree.

As indicated above, when claim and issue preclusion apply, they extend to any matter within the scope of the prior action, related to its subject, and relevant to the issues presented in it such that the matter could have been raised even if it was not. (*Sutphin v. Speik* (1940) 15 Cal.2d 195, 202; *Takahashi v. Board of Education of Livingston Union School Dist.* (1988) 202 Cal.App.3d 1464, 1481.) Manifestly, the propriety of Brumfield's discharge was not within the scope of the administrative appeal because her discharge occurred two months after the administrative appeal concluded. Although the failure to promote her occurred while the administrative appeal was pending, its propriety was also not within the scope of the administrative appeal because it occurred well after and under circumstances distinct from the temporary salary reduction. In addition, at Brumfield's option, it was subject to a separate administrative appeal process. (§ 18952; Cal. Code Regs., tit. 2, § 66.1; *Basurto v. Imperial Irrigation District*, *supra*, 211 Cal.App.4th at p. 879 [employees bringing civil actions asserting state law discrimination

10

claims may, but are not required to pursue administrative remedies offered by their employers].)  Accordingly, the Board's decision on the administrative appeal has no preclusive effect on any of Brumfield's causes of action to the extent they are based on the failure to promote her or on her discharge.

III

A

The absence of full claim or issue preclusion does not, however, end our inquiry. Regarding the Department's failure to promote Brumfield, the Department sought summary judgment on the alternate ground Brumfield cannot establish a prima face case of discrimination.  Brumfield opposed this point only as to her cause of action for gender discrimination.

Generally, to state a prima facie case of discrimination, "the plaintiff must provide evidence that (1) [s]he was a member of a protected class, (2) [s]he was qualified for the position [s]he sought or was performing competently in the position [s]he held, (3) [s]he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive."  (*Guz v. Bechtel National Inc.*, *supra*, 24 Cal.4th at p. 355.)

Here, the evidence shows Brumfield can establish the first three elements of a prima facie case of gender discrimination.  She is a member of a protected class because she is a woman.  She was qualified for the promotion she sought because the panel evaluating the applicants for the promotion ranked her as "Competitive," meaning she

11

had adequate skills, knowledge, and ability to perform the job. She suffered an adverse employment action because she did not receive the promotion.

Nonetheless, the evidence does not show Brumfield can establish she was denied the promotion because of discriminatory reasons. Rather, the evidence shows women were well represented in the applicant pool, most of them obtained higher scores during the interview process than Brumfield, and one of them received one of the available promotions. The other two promotions went to two men who also obtained higher scores during the interview process than Brumfield. We cannot reasonably infer a discriminatory intent from these results and Brumfield has not identified any other evidence of a discriminatory intent. We, therefore, conclude the trial court did not err in granting summary judgment to the extent Brumfield's causes of action are based on the Department's failure to promote her.

B

Regarding the Department's decision to discharge Brumfield, the Department sought summary judgment on the alternate ground it provided substantial evidence of legitimate, nondiscriminatory, nonretaliatory reasons for discharging her and she did not meet her countervailing burden of providing substantial evidence the Department's reasons were a pretext for intentional discrimination or retaliation. (*Batarse v. Service Employees Internat. Union, Local 1000* (2012) 209 Cal.App.4th 820, 834 (*Batarse*); *Morgan v. Regents of University of California* (2000) 88 Cal.App.4th 52, 68 (*Morgan*); *Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467, 476 (*Flait*).) Brumfield countered this ground with three points: (1) there is a factual dispute about whether she

12

abandoned her patient requiring one-to-one care or whether a coworker agreed to monitor the patient in her absence, (2) her misuse of the Department's e-mail system was not sufficient to warrant her discharge, and (3) the close proximity between her protected activities and her discharge indicate the discharge was retaliatory.

As to the first point, to meet her burden, Brumfield had to do more than present evidence showing the Department's decision was wrong, mistaken, or unwise. She had to present evidence showing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the Department's stated reasons that a reasonable factfinder could rationally find them unworthy of credence and, consequently, infer the Department did not truly act for the stated reasons. (*Batarse*, *supra*, 209 Cal.App.4th at p. 834; *Morgan*, *supra*, 88 Cal.App.4th at p. 75.) The mere existence of differing version of events, which in this case can be characterized as a "she said, they said" dispute, does not show the Department's reasons are too weak, implausible, inconsistent, incoherent, or contradictory to be believable. Thus, the existence of differing versions is not sufficient for Brumfield to demonstrate pretext.

As to the second point, it is immaterial whether Brumfield's misuse of the Department's e-mail system was sufficient by itself to warrant her discharge because the Department did not rely solely or even principally on this misconduct to discharge her. Instead, the Department relied principally on her abandonment of her patient requiring one-to-one care. The misuse of the Department's e-mail system was simply a secondary instance of her inability or unwillingness to abide by the Department's policies, which was the overarching basis of both adverse actions taken against her.

13

Finally, as to the third point, evidence Brumfield engaged in protected activity near the time of discharge is not sufficient to meet her burden.  Temporal proximity by itself will not create a triable issue as to pretext after an employer offers a legitimate, nonretaliatory explanation for its actions.  (*Arteaga v. Brink's, Inc.* (2008) 163 Cal.App.4th 327, 353, 357.)  Accordingly, we conclude the trial court did not err in granting summary judgment to the extent Brumfield's causes of action are based on her discharge.

DISPOSITION

The judgment is affirmed.  The Department is awarded its appeal costs.


McCONNELL, P. J.

WE CONCUR:


McDONALD, J.


AARON, J.