[No. B205766. Second Dist., Div. Five. May 28, 2009.]

VARTAN KOJABABIAN, Plaintiff and Appellant, v.
GENUINE HOME LOANS, INC., et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Discussion, part A.

## Counsel

Richard L. Garrigues and Varoujan Nalbandian for Plaintiff and Appellant.

Kralik & Jacobs, John J. Kralik and Michael B. Wilson for Defendants and Respondents.

## Opinion

**MOSK, J.—**

### INTRODUCTION

When parties moving for summary judgment do not make a prima facie showing justifying a summary judgment, the trial court may not grant a summary judgment under Code of Civil Procedure section 437c, subdivision (b)(3)[1] for failure of the opposing party to file the required separate statement with supporting evidence. In this case, however, we hold that the moving parties did make such a prima facie showing. We also hold that the trial court did not have a mandatory duty under section 128.7, subdivision (c) to impose upon plaintiff monetary sanctions, even if there was a violation of section 128.7, subdivision (b) for filing an action that was frivolous and lacking in evidentiary support. We therefore affirm the summary judgment and order denying sanctions.

### FACTUAL BACKGROUND

Plaintiff and appellant Vartan Kojababian (plaintiff) sued, inter alia, defendants and respondents Genuine Home Loans, Inc. (Genuine), Nectar Kalajian (Kalajian), and Aida Markarian (Markarian) (defendants) for fraudulent transfer and negligence. The facts are taken from the evidence submitted in support of defendants' motion for summary judgment, which evidence plaintiff did not dispute.

On July 30, 2003, plaintiff obtained a temporary protective order preventing Mher Momdjian (Momdjian) from further encumbering real property owned by Momdjian and his wife Joyce. Plaintiff obtained a hearing date in August on a petition to attach such real property. Meanwhile, during July 2003, Kalajian, the president of Genuine, met with Mher and Joyce Momdjian to discuss the Momdjians' desire to obtain a loan from Genuine.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

The Momdjians explained that the purpose of the loan from Genuine was to pay off debt and obtain additional funds to build their jewelry business. Kalajian had an extended-family relationship with Joyce Momdjian, as well as a social and former work relationship.[2]

On July 18, 2003, Genuine loaned $650,000 to Momdjian. The loan was secured by a first deed of trust on a parcel of real property owned by the Momdjians. On July 25, 2003, Genuine loaned $250,000 to Momdjian. The loan was secured by a second deed of trust on the same property. The Momdjians did not reveal in connection with their loan requests the claims against them by plaintiff and did not discuss with Kalajian any dealings they had with plaintiff. A prior judgment by plaintiff against Momdjian surfaced during the title search on the property for the loans by Genuine, but Kalajian was assured that the judgment had been removed and the property was free and clear of any claim. Kalajian did not know the amount of plaintiff's claims.

On July 18, 2003, the Momdjians appeared before Markarian, an employee of Genuine, to sign the documents for the $650,000 loan from Genuine to Momdjian, and she notarized the signatures of the Momdjians. On July 25, 2003, Markarian notarized the signatures of the Momdjians in connection with the $250,000 loan from Genuine to Momdjian. The Momdjians signed the documents before Markarian. The Momdjians placed their thumbprints in Markarian's notary journal in connection with the notarization of the first loan, but she did not believe thumbprints were necessary for her notarization of the second loan. Markarian had no knowledge of the Momdjians' dealings with plaintiff. The Momdjians never transferred anything of value to Kalajian or Markarian.

## PROCEDURAL BACKGROUND

Plaintiff filed a complaint asserting causes of action for fraudulent transfer and conspiracy[3] against all six named defendants[4] and a negligence claim against Markarian only. Defendants Genuine, Kalajian and Markarian filed a summary judgment motion directed at the fraudulent transfer and negligence claims. The motion was supported by a separate statement of undisputed

---

[2] Joyce Momdjian's uncle is married to Kalajian's sister-in-law. Kalajian would see Joyce Momdjian at social gatherings from time to time. Kalajian and Joyce Momdjian worked together for a time at Countrywide Mortgage Corporation.

[3] The trial court sustained a demurrer to the conspiracy cause of action, leaving only the fraudulent transfer and negligence claims.

[4] The other named defendants, who did not join in the summary judgment motion and are not parties to this appeal, are Mher Momdjian, Joyce Momdjian, and Boris Katz.

facts, the declarations of the individual defendants, and certain documentary evidence.

Over two months after the motion was filed, plaintiff filed an opposition to the motion, requesting that the motion be denied or continued under section 437c, subdivision (h) to allow plaintiff to conduct discovery. The opposition was supported by the declaration of plaintiff's counsel, who asserted that in an appeal in a separate action, two issues involved in this case were currently pending determination. Plaintiff's counsel also stated that three weeks prior to the filing of plaintiff's opposition, he had received documents from defendants in response to a document demand, and those documents were currently under review by plaintiff's expert. In addition, plaintiff's counsel informed the trial court that he had noticed the depositions of defendants and that he expected "to discover facts from the review of the documents and the depositions of defendants to submit in opposition to defendants' motion." Plaintiff did not submit a memorandum of points and authorities in opposition to the merits of defendants' motion or a separate statement supported by evidence.

Defendants replied to the opposition, arguing that plaintiff's submission failed to raise a triable issue of fact and failed to specify the information plaintiff needed to oppose the motion and expected to discover if a continuance was granted. According to defendants' counsel, plaintiff had already deposed the individual defendants in a pending bankruptcy action concerning the subject matter of this action and had obtained on July 11, 2006, in the bankruptcy action the same documents that were produced to plaintiff in this action.

The trial court held a hearing on the summary judgment motion and issued a minute order[5] ruling that "[t]he motion for summary judgment is granted in its entirety. There are no triable issues of material fact. . . . Although an opposition should contain 'affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken,' plaintiff's opposition has none of these items. (Code of Civil Procedure section 437c (b)(2).) Plaintiff's response is also procedurally defective, in that it does not provide a separate statement as mandated by Code of Civil Procedure section 437c (b)(3). Plaintiff's request to continue the hearing under Code of Civil Procedure section 437c (h) is denied for reasons set forth in defendants' reply papers."

---

[5] Defendants' motion to augment the record with a copy of the July 2, 2006 minute order granting defendants' motion for summary judgment and denying plaintiff's request for a continuance under section 437c, subdivision (h) is granted.

Following the granting of defendants' motion for summary judgment, plaintiff filed a motion for reconsideration of the order granting summary judgment, and defendants filed a motion for monetary sanctions under section 128.7, both of which motions the trial court denied. The trial court thereafter entered a judgment in favor of defendants from which plaintiff appealed. Defendants cross-appealed from the order denying their motion for sanctions.

## DISCUSSION

### A. *Section 437c, subdivision (h)**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Summary Judgment*

In granting defendants' motion for summary judgment, the trial court relied, inter alia, on plaintiff's failure to comply with the separate statement requirement of section 437c, subdivision (b)(3). Section 437c, subdivision (b)(3) states, "The opposition papers shall include a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion."

California Rules of Court, rule 3.1350(d) provides, "The Separate Statement of Undisputed Material Facts in support of a motion must separately identify each cause of action, claim, issue of duty, or affirmative defense, and each supporting material fact claimed to be without dispute with respect to the cause of action, claim, issue of duty, or affirmative defense. In a two-column format, the statement must state in numerical sequence the undisputed material facts in the first column followed by the evidence that establishes those undisputed facts in that same column. Citation to the evidence in support of each material fact must include reference to the exhibit, title, page, and line numbers." Rule 3.1350(e) specifies that the "opposition to a motion [for summary judgment] must consist of . . . [¶] . . . [¶] (2) . . . separate statement of undisputed material facts . . . ."

■ "The separate statement is not merely a technical requirement, it is an indispensible part of the summary judgment or adjudication process. 'Separate statements are required not to satisfy a sadistic urge to torment lawyers,

---

*See footnote, *ante*, page 408.

but rather to afford due process to opposing parties and to permit trial courts to expeditiously review complex motions for . . . summary judgment to determine quickly and efficiently whether material facts are disputed.' (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 335 [282 Cal.Rptr. 368].)" (*Whitehead v. Habig* (2008) 163 Cal.App.4th 896, 902 [77 Cal.Rptr.3d 679] (*Whitehead*).)

### 1. *Requirement of Prima Facie Showing*

■ In *Whitehead, supra*, 163 Cal.App.4th at page 902, the court said, "The separate statement is required, not discretionary, on the part of each party, and the statutory language makes the failure to comply with this requirement sufficient grounds to grant the motion." But this categorical statement is tempered by an earlier discussion in which the court said that " '[t]he trial court's decision to grant a motion for summary judgment because the opposing party failed to comply with the requirements for a separate statement, however, is reviewed for an abuse of discretion.' " (*Id.* at p. 901; see also *Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208 [35 Cal.Rptr.3d 411] (*Parkview Villas*).) Moreover, in *Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1086 [94 Cal.Rptr.2d 575], the court stated, "While subdivision (b) of section 437c allows the court, in its discretion, to grant summary judgment if the opposing party fails to file a proper separate statement, this provision does not authorize doing so without first determining that the moving party has met its initial burden of proof."

■ We conclude that it would be an abuse of discretion for a trial court to grant a summary judgment based on a failure to file a separate statement when the moving parties have not in their moving papers set forth a prima facie showing for summary judgment—i.e., have not met their "burden of persuasion to show that there was no triable issue of material fact and that they were entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 861 [107 Cal.Rptr.2d 841, 24 P.3d 493] (*Aguilar*).) After a prima facie showing, the burden shifts to the opposing party to make a showing of the existence of a triable issue of fact. (*Id.* at p. 862.) If the opposing party fails to submit the required separate statement, under the applicable law and rules, a trial court may conclude that the opposing party has not satisfied his "burden of production" showing a triable issue of fact. (*Ibid.*)[6] Thus, we must examine whether defendants made a prima facie showing that they are entitled to a summary judgment.

---

[6] Some courts in exercising their discretion allow the failure to provide a separate statement to be remedied and deny a motion for summary judgment even if the opposing party has not filed a separate statement. (See *Parkview Villas, supra*, 133 Cal.App.4th at pp. 1211–1216.)

## 2. *Defendants Meet Requirement*

"A prima facie showing is one that is sufficient to support the position of the party in question. (Cf. Evid. Code, § 602 [stating that a 'statute providing that a fact or group of facts is prima facie evidence of another fact establishes a rebuttable presumption'].) No more is called for." (*Aguilar, supra*, 25 Cal.4th at p. 851.) Because plaintiff did not controvert defendants' declarations in support of their motion for summary judgment, the trial court properly accepted them as true for purposes of the summary judgment motion. (§ 437c, subd. (e).) Although section 437c, subdivision (e) contains an exception to that rule when the declarant is the sole witness to a fact or testifies as to his or her state of mind, the trial court retains discretion to grant the motion based on such declarations. (§ 437c, subd. (e); *Butcher v. Gay* (1994) 29 Cal.App.4th 388, 404–405 [34 Cal.Rptr.2d 771].)

Accordingly, unless it appears that accepting the declarations of defendants as true would constitute an abuse of discretion, it was not error for the trial court to grant the motion based solely on those uncontroverted declarations. Contrary to plaintiff's assertion, the declarations in support of the motion for summary judgment contain competent, percipient testimony showing that each defendant lacked the necessary intent that plaintiff alleged as an element of his fraudulent transfer cause of action. (Civ. Code, § 3439.04, subd. (a) ["actual intent to hinder, delay, or defraud any creditor of the debtor"].) Both Kalajian and Markarian unequivocally denied any knowledge of the Momdjians' dealings with plaintiff, and Kalajian explained that although a judgment did surface during the closing of the escrow, she was assured that the judgment was no longer in effect. Assuming those denials and that explanation are correct—assumptions the trial court had the discretion to make—they established a prima facie showing that defendants were entitled to judgment on the fraudulent transfer cause of action as a matter of law because a reasonable trier of fact (*Aguilar, supra*, 25 Cal.4th at p. 852) could have concluded from that evidence that each defendant lacked the requisite intent.

Moreover, Markarian's testimony describing the execution and notarization of the loan documents negates any suggestion that she breached a duty of care to plaintiff, assuming that she owed such a duty. Contrary to the allegations in support of the negligence claim, Markarian testified that the Momdjians appeared before her during the notarization of the documents for both loans and that she obtained their thumbprints in connection with the notarization of the first loan. That testimony was sufficient to allow a reasonable trier of fact to conclude that Markarian did not breach any alleged

duty to plaintiff and therefore constituted a prima facie showing of entitlement to judgment on the negligence claim.

Based on the uncontroverted declarations in support of the motion for summary judgment, the trial court correctly determined that no triable issue of fact remained because defendants' prima facie showing as to both causes of action was not rebutted by plaintiff. In light of that determination, the trial court did not err in granting summary judgment on the merits in favor of defendants.

### 3. *No Abuse of Discretion in Not Giving Plaintiff Opportunity to Cure*

Notwithstanding defendants' prima facie showing, plaintiff argues that it was an abuse of discretion to grant the summary judgment motion without affording him the opportunity to cure his failure to file a separate statement. Citing *Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89 [5 Cal.Rptr.2d 220] (*Security Pacific*) and *Kalivas v. Barry Controls Corp.* (1996) 49 Cal.App.4th 1152 [57 Cal.Rptr.2d 200] (*Kalivas*), plaintiff argues that because his failure to file a separate statement was a curable procedural defect, the trial court was required to grant him a continuance to conduct the discovery necessary to file an appropriate separate statement in opposition to the motion.

The two cases upon which plaintiff relies are procedurally distinct from this case. For example, in *Security Pacific, supra,* 4 Cal.App.4th 89, the plaintiff bank filed a summary judgment motion to which the defendant responded by filing, inter alia, a separate statement. (*Id.* at p. 92.) Because the bank's motion was procedurally defective, the trial court required the bank to refile the motion. (*Id.* at p. 92.) In response to the second motion, the defendant failed to file a separate statement, and the trial court granted the second motion on that basis. (*Id.* at p. 92.)

In ruling that the trial court abused its discretion, the court in *Security Pacific, supra,* 4 Cal.App.4th 89 concluded that "it is clear [the defendant's] failure to file a separate responsive statement to the Bank's second motion for summary judgment was not a willful refusal to comply with the statute. [The defendant], through his counsel, did file a separate responsive statement to the first motion for summary judgment. He apparently believed, as he argues on appeal, the separate responsive statement he filed to the first motion also applied to the second motion. [¶] Failure to file a new responsive statement was a curable defect from which the Bank suffered no

prejudice. Nor is there any showing [the defendant] had previously violated any pretrial rules or engaged in any dilatory conduct. Furthermore, a separate responsive statement is not an end in itself. Its purpose is to ease the trial court's burden and put the moving party on notice of the evidence which is disputed by respondent. (*United Community Church v. Garcin, supra,* 231 Cal.App.3d at pp. 335, 337.) Therefore, unless the trial court has reason to believe no responsive statement would be filed even if the [defendant] was afforded a reasonable opportunity to file one, the [defendant] should be afforded that opportunity rather than suffer a judgment not supported by a decision on the merits. (See *Morgan v. Ransom* [(1979)] 95 Cal.App.3d [664,] 670 [157 Cal.Rptr. 212].) There is no showing [the defendant] would not have filed a proper responsive statement given the opportunity to do so." (*Id.* at pp. 98–99, fn. omitted.)

Unlike the defendant in *Security Pacific, supra,* 4 Cal.App.4th 89, plaintiff's noncompliance with section 437c, subdivision (b)(3) was not the result of a procedural mistake, but rather was based upon a lack of admissible evidence in opposition to the motion, as evidenced by his request for a continuance under section 437c, subdivision (h). Allowing plaintiff additional time to file a separate statement would have been futile because he did not have the evidence necessary to submit a complying separate statement. His only recourse under the circumstances was to seek a continuance under section 437c, subdivision (h), which he did. But he failed to satisfy the statutory requirements for such a continuance. (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 254 [19 Cal.Rptr.3d 810]; *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548 [30 Cal.Rptr.2d 706].)

Plaintiff's reliance on *Kalivas, supra,* 49 Cal.App.4th 1152 is also unavailing. There, the defendant filed a motion for summary judgment, but the plaintiff, relying on a courtroom local rule that required the parties to meet and confer to narrow the issues in dispute, did not file a separate statement in opposition or appear at the hearing, believing the hearing had been taken off calendar to allow the parties to complete the required meet and confer process. (*Id.* at p. 1156.) The trial court granted the motion on the merits and on the procedural ground that the plaintiff failed to file a separate statement. (*Id.* at p. 1157.) The trial court also denied the plaintiff's motion for reconsideration. (*Ibid.*)

In reversing the order granting summary judgment and the order denying reconsideration, the court in *Kalivas, supra,* 49 Cal.App.4th 1152 first held that the courtroom local rule requiring a meet and confer process violated the summary judgment statute and Government Code requirements. The court said, "We conclude that trial judges have no authority to issue courtroom local rules which conflict with any statute and do not comply with promulgation requirements in the Code of Civil Procedure and the Government Code.

This courtroom local rule violated section 437c, subdivision (b) and the trial judge did not follow required promulgation procedures. Therefore, the court erred when it relied on this invalid local courtroom rule as a basis for granting summary judgment." (*Kalivas, supra,* 49 Cal.App.4th at p. 1160.)

■ The court in *Kalivas, supra,* 49 Cal.App.4th 1152 also ruled that the trial court improperly denied the motion for reconsideration because the plaintiff's failure to file a separate statement was a curable procedural defect. "An order based upon a curable procedural defect (such as the failure to file a separate statement), which effectively results in a judgment against a party, is an abuse of discretion. (*Security Pacific Nat. Bank v. Bradley*[, *supra,*] 4 Cal.App.4th 89, 94, 97–99 . . . .) . . . [¶] . . . [¶] . . . [The plaintiff's] failure to file a separate statement . . . was a curable defect, from which [the defendant] suffered no prejudice." (*Kalivas, supra,* 49 Cal.App.4th at pp. 1161–1162.) Accordingly, the court in *Kalivas* concluded that "[t]he summary judgment is reversed and the matter is remanded for further proceedings. Upon remand, the trial court is ordered to grant [the plaintiff's] motion for reconsideration, to afford [the plaintiff] the opportunity to file opposition papers to the motion for summary judgment, and thereafter to determine the motion for summary judgment on its merits." (*Id.* at p. 1163.)

■ Unlike the failure to file a separate statement in *Kalivas, supra,* 49 Cal.App.4th 1152, plaintiff's failure to file a separate statement in this case was not the result of a curable procedural defect. As noted above, plaintiff could not cure the defect without the continuance. Allowing plaintiff the opportunity to file a separate statement would, in effect, give him the continuance to which the trial court concluded he was not entitled under section 437c, subdivision (h). Although it was within the discretion of the trial court to allow plaintiff to file a proper statement (*Parkview Villas, supra,* 133 Cal.App.4th at p. 1212), given the defendants' prima facie showing in support of their motion for summary judgment and plaintiff's failure to support his request for a continuance, the trial court did not abuse its discretion in granting the motion under section 437c, subdivision (b)(3) without first affording plaintiff an opportunity to file an opposing separate statement.

## C. *Cross-appeal*

Defendants contend that the trial court abused its discretion when it denied their motion for sanctions under section 128.7. Although defendants concede that the decision to award sanctions under section 128.7 was within the trial court's discretion, they argue that the denial of their sanctions motion was arbitrary because the fraudulent transfer and negligence claims lacked both a legal and factual basis.

■ "Trial courts, of course, are empowered to inquire into the bona fides of private lawsuits . . . . Code of Civil Procedure section 128.7 provides that the filing of a pleading certifies that, to the attorney or unrepresented party's 'knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,' the pleading is not being presented 'primarily for an improper purpose,' the claims, defenses and other legal contentions therein are 'warranted,' and the allegations and other factual contentions 'have evidentiary support.' (*Id.*, subd. (b).) If these standards are violated, the court can impose an appropriate sanction sufficient to deter future misconduct, including a monetary sanction. (*Id.*, subds. (c), (d).)" (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 575 [71 Cal.Rptr.2d 731, 950 P.2d 1086].) "The purpose of section 128.7 is to deter frivolous filings." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 826 [79 Cal.Rptr.3d 588].)

■ In the context of a products liability case, the Supreme Court explained the duty of an attorney who files a pleading under section 128.7. "Thus, it is sharp practice to implead defendants in a products liability suit alleging long-term exposure to multiple toxins unless, after a reasonable inquiry, the plaintiff actually believes that evidence has been or is likely to be found raising a reasonable medical probability that each defendant's product was a substantial factor in causing the harm, as the latter term is defined in *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953 [67 Cal.Rptr.2d 16, 941 P.2d 1203]. The actual-belief standard requires more than a hunch, a speculative belief, or wishful thinking: it requires a well-founded belief. We measure the truthfinding inquiry's reasonableness under an objective standard, and apply this standard both to attorneys and to their clients. (*Business Guides v. Chromatic Comm. Enterprises* (1991) 498 U.S. 533, 548–549 [111 S.Ct. 922, 932, 112 L.Ed.2d 1140] [applying this standard under similar language in Fed. Rules Civ. Proc., former rule 11, 28 U.S.C.].) If the plaintiff does not believe the requisite evidence exists, but does actually believe that it is likely to be discovered later, 'after a reasonable opportunity for further investigation or discovery' (Code Civ. Proc., § 128.7, subd. (b)(3)), the complaint must so state (*ibid.*)." (*Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71, 82 [86 Cal.Rptr.2d 846, 980 P.2d 398].)

"If a lawyer is found to have deliberately filed a products liability suit of the type under discussion on a lesser basis, *he or she can be sanctioned* (Code Civ. Proc., § 128.7, subd. (c)) and is subject to other disciplinary action (*Pickering v. State Bar* (1944) 24 Cal.2d 141 [148 P.2d 1] (*per curiam*); see Bus. & Prof. Code, § 6068, subd. (d)). And the court may '[s]trike out any irrelevant, false, or improper matter inserted in any pleading.' (Code Civ. Proc., § 436, subd. (a).) Moreover, the aggrieved defendant can sue for having had a civil proceeding maliciously instituted against it. (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50–51 [118 Cal.Rptr. 184,

529 P.2d 608]; see also *Crowley v. Katleman* (1994) 8 Cal.4th 666, 677 [34 Cal.Rptr.2d 386, 881 P.2d 1083].)" (*Bockrath v. Aldrich Chemical Co., supra,* 21 Cal.4th at pp. 82–83, italics added.)

After considering defendants' sanctions motion, the trial court ruled that "[t]he motion is [d]enied. Based on the totality of the file and record in this case, moving parties [defendants] have not carried their high burden sufficient to allow the granting of the motion."

Section 128.7, subdivision (c) authorizes the imposition of sanctions upon a finding of a violation of subdivision (b) as follows: "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court *may*, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. In determining what sanctions, *if any*, should be ordered, the court shall consider whether a party seeking sanctions has exercised due diligence." (Italics added.)

■ Under the explicit language of section 128.7, subdivision (c), the trial court retains the discretion, upon the finding of a violation of subdivision (b), to determine whether a sanction is warranted in the first instance; and, if so, the type and amount of sanctions warranted. Thus, the trial court only exercises its discretion whether to impose a sanction, when there has been a violation of section 128.7, subdivision (b). " ' " ' "To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice." ' " ' " (*Sabek, Inc. v. Engelhard Corp.* (1998) 65 Cal.App.4th 992, 1001 [76 Cal.Rptr.2d 882].) Section 128.7, subdivision (c) does not require the imposition of monetary sanctions upon the finding of a violation of section 128.7, subdivision (b); rather, it gives the trial court discretion to impose sanctions based on such a finding.

The trial court stated that its decision to not award sanctions was based on the "entire file and record" in the case. There is nothing to suggest that the trial court's conclusion that sanctions were not warranted was arbitrary. Defendants only assert the grounds supporting a violation of section 128.7, subdivision (b). But that violation is what triggers the trial court's exercise of its discretion as to whether to impose sanctions. Absent a showing of arbitrariness, we must presume the correctness of the trial court's decision not to award sanctions. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 [275 Cal.Rptr. 797, 800 P.2d 1227].)

## DISPOSITION

The judgment of the trial court and the order denying defendants' motion for sanctions under section 128.7 are affirmed. Each party shall bear his, her, or its own costs on appeal.

Armstrong, Acting P. J., and Kriegler, J., concurred.