Filed 5/9/13  Spahl v. Santiago CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| STEVEN SPAHL et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>ARTEMIO SANTIAGO et al.,<br><br>Defendants and Respondents. | B236369<br><br>(Los Angeles County<br>Super. Ct. No. LC092701) |

APPEAL from orders of the Superior Court of Los Angeles County.  Michael A. Latin, Judge.  Affirmed.

Sandor Carrasco and Sandor Kenneth Carrasco for Plaintiffs and Appellants.

Law Offices of Santiago Rodnunsky & Jones, David G. Jones and Tamera S. Fong for Defendants and Respondents.

Plaintiffs and appellants Steven Spahl and Donny Spahl (collectively, plaintiffs) appeal the dismissal of their action against defendants and respondents Artemio Santiago (Santiago) and Santiago, Rodnunsky & Jones (SRJ)[1] after the trial court granted defendants' motion for sanctions under Code of Civil Procedure section 128.7.[2] Plaintiffs also appeal the trial court's order imposing $5,515 in sanctions against them. We affirm the sanctions order and the order dismissing plaintiffs' action with prejudice.

## BACKGROUND

**The parties' November 2009 settlement agreement**

Defendant Santiago and his law firm, SRJ, represented plaintiffs for approximately four years in trust litigation involving the *Franz Spahl Inter Vivos Trust*, Los Angeles Superior Court case No. GP011784 (the trust litigation). Plaintiffs terminated SRJ's representation and retained new counsel on April 15, 2009.

At the time plaintiffs terminated SRJ's representation, they owed SRJ a significant amount of unpaid attorney fees, and SRJ filed an arbitration claim seeking payment of those fees. The parties eventually settled their dispute and entered into a written settlement agreement on November 10, 2009. The settlement agreement included a mutual general release, a release of unknown claims under Civil Code section 1542, and an express waiver of all rights to bring suit against each other as a result of any claims for actions, omissions, errors, or other acts predating the settlement agreement. Plaintiffs were represented by counsel in connection with the settlement, and counsel executed the settlement agreement as to form. Defendants thereafter dismissed their arbitration claims.

**The instant action**

On February 14, 2011, plaintiffs filed the instant action against defendants for legal malpractice, breach of fiduciary duty, intentional and constructive fraud, breach of

---

[1]    Santiago and SRJ are referred to collectively hereinafter as defendants.

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment in connection with the trust litigation. Defendants filed a demurrer and motion to strike plaintiffs' complaint on various grounds, including that the November 10, 2009 settlement agreement barred plaintiffs' claims.

**Motion for sanctions and August 1, 2011 order**

On June 13, 2011, defendants sent plaintiffs a letter enclosing a copy of a proposed motion for sanctions under section 128.7. Defendants maintained that plaintiffs' action had no merit because all of plaintiffs' claims were barred by the November 10, 2009 settlement agreement. Defendants stated their intent to file the proposed motion within 21 days unless plaintiffs withdrew their complaint and dismissed the action with prejudice.

Plaintiffs did not dismiss their action, and defendants filed the motion for sanctions on July 5, 2011, requesting sanctions in the amount of $6,245. In addition to sanctions, defendants requested that the entire action be dismissed with prejudice.

Plaintiffs filed a first amended complaint on July 27, 2011. They filed no opposition to the motion for sanctions. At the August 1, 2011 hearing on the sanctions motion, the trial court granted the motion. The court noted that defendants had presented a signed mutual release and that plaintiffs failed to file any substantive opposition. The trial court awarded $5,515 in sanctions against plaintiffs and ordered the action dismissed with prejudice.

**Motion for reconsideration and November 8, 2011 order**

On August 11, 2011, plaintiffs filed a motion for reconsideration to set aside the dismissal and the order for sanctions on the ground that they had discovered new facts, in the form of the testimony of a forensic accountant defendants had retained in the trust litigation to substantiate the claims asserted in their complaint. Plaintiffs further argued the dismissal and order for sanctions should be set aside under section 473, subdivision (b) because they had mistakenly believed that filing a first amended complaint obviated any need to respond to defendants' section 128.7 motion.

3

On October 5, 2011, the trial court continued the hearing on plaintiffs' motion for reconsideration to November 8, 2011. At the same time, the trial court ordered plaintiffs' counsel to file a declaration under section 473, subdivision (b) to support plaintiffs' allegations of surprise or negligence.

Defendants opposed the motion for reconsideration, arguing that plaintiffs had presented no justifiable reason for not speaking with the forensic accountant during the eight months preceding the August 1, 2011 sanctions hearing and no declaration of excusable neglect by their counsel. On October 12, 2011, defendants also filed a separate motion for dismissal of the entire action with prejudice, to be heard concurrently with plaintiffs' motion for reconsideration.

Plaintiffs filed an opposition to the October 12, 2011 motion for dismissal, along with the declaration of their attorney, Sandor Carrasco, in support of their motion for reconsideration of the sanctions motion pursuant to section 473, subdivision (b). Carrasco stated in his declaration that he believed defendants' sanctions motion was fatally defective because section 128.7 requires a motion for sanctions to be made separately from other motions or requests and defendants' July 5, 2011 motion had included a request for dismissal. Carrasco further stated his belief that the court lacked jurisdiction to dismiss the case based on plaintiffs' failure to oppose the section 128.7 motion for sanctions. Carrasco expressed his belief that relief under section 473, subdivision (b) was appropriate based on plaintiffs' surprise or inadvertence because plaintiffs did not foresee the court granting defendants' procedurally defective motion and dismissing the case with prejudice.

On November 8, 2011, the trial court denied plaintiffs' motion for reconsideration, finding that plaintiffs had failed to submit any attorney declaration of fault or other evidence to support relief under section 473, subdivision (b). The trial court further found that defendants' motion for sanctions and request for dismissal filed on July 5, 2011, had been properly granted as it did not violate section 128.7 by including a request for dismissal of the entire action with prejudice. The court noted that "[a] dismissal in addition to monetary sanctions is the natural result of granting of a . . . section 128.7

4

motion. The Court would not grant a motion to strike a frivolous complaint and then proceed to allow the case to remain active." The trial court then granted defendants' separately filed motion to dismiss the entire action with prejudice.

**The instant appeal**

Plaintiffs filed the instant appeal on September 28, 2011, challenging the trial court's August 1, 2011 order imposing sanctions against them in the amount of $5,515 and dismissing the action with prejudice.

**DISCUSSION**

**I. Section 128.7 sanctions**

    *A. Applicable law and standard of review*

Section 128.7, subdivision (b) provides that an attorney or unrepresented party who files a pleading certifies, "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading "is not being presented primarily for an improper purpose," the claims, defenses and other legal contentions therein are "warranted," and the allegations and other factual contentions "have evidentiary support." (§ 128.7, subd. (b).) A party or attorney who violates these certification requirements may be sanctioned. (§ 128.7, subd. (c).)

A motion for sanctions under section 128.7 must be made separate from other motions or requests, must describe the specific conduct alleged to violate the statute, and must be served on the party to be sanctioned at least 21 days before it is filed with the court. The sanctions motion may be filed only if the challenged pleading is not withdrawn or corrected within this 21-day safe harbor period. (*Ibid.*; *Martorana v. Marlin & Salzman* (2009) 175 Cal.App.4th 685, 698 (*Martorana*).)

Upon finding that a violation of section 128.7, subdivision (b) has occurred, a trial court has discretion to impose sanctions, including monetary sanctions, for that violation. (*Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408, 422.) We review the trial court's decision to impose sanctions under section 128.7 under the abuse of discretion standard. (*Burckle v. Burckle* (2006) 144 Cal.App.4th 387, 399.)

5

## B. *No abuse of discretion*

Plaintiffs contend the trial court abused its discretion by granting the motion for sanctions because no violation of section 128.7 occurred. There is substantial evidence to support the finding that plaintiffs violated section 128.7, subdivision (b). Defendants presented evidence that plaintiffs signed a written settlement agreement in which they released defendants from all of the claims asserted in the complaint. Plaintiffs filed no opposition to the sanctions motion and presented no evidence to controvert the preclusive effect of the settlement agreement. The trial court's granting of the motion accordingly was not an abuse of discretion.

## C. *No fatal procedural defect*

Plaintiffs claim the sanctions order should be reversed because defendants' motion for sanctions did not comply with the strict procedural requirements of section 128.7, subdivision (c) -- specifically, the requirement that a motion for sanctions "shall be made *separately* from other motions or requests." (§ 128.7, subd. (c)(1), italics added.) Because defendants' motion for sanctions included a request to dismiss the action with prejudice, plaintiffs contend the motion was procedurally defective and should have been denied. They cite as support for their position *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205 (*Corona*) and *Martorana*. As we discuss, *Corona* and *Martorana* are distinguishable, and neither case compels reversal of the sanctions order in this case.

The appellant in *Martorana* challenged an award of sanctions under section 128.7 on the ground that the moving party failed to comply with the 21-day "safe harbor" provisions of the statute and because the moving party did not comply with the requirement that its request for sanctions be made separately from other motions, having included the sanctions request as part of its demurrer to the complaint. (*Martorana, supra*, 175 Cal.App.4th at pp. 698-699.) Failure to comply with the 21-day statutory notice requirement was the sole basis for the *Martorana* court's reversal of the section 128.7 sanctions award. The court in *Martorana* did not address whether the moving party's inclusion of the sanctions request in a demurrer was an independent ground for reversing the sanctions award. (*Martorana, supra*, 175 Cal.App.4th at p. 700, fn. 4 ["In

6

light of our conclusion that the award of sanctions must be reversed for Allstate's failure to comply with the notice requirements of section 128.7, subdivision (c)(1), we need not address Martorana's other arguments regarding the sanctions order].) *Martorana* accordingly does not compel reversal of the sanctions order in this case.

In *Corona*, the husband in a marital dissolution action appealed a sanctions order imposed against him by the family court after the court granted the wife's motion to establish support arrears. Although the motion to establish arrears included a request for sanctions, the wife did not specify in her moving papers the statutory basis for her sanctions request, and the family court did not state the statutory basis for its sanction award. In considering the various statutory bases upon which the sanctions award might be affirmed, the court in *Corona* observed that section 128.7 was not a proper basis for doing so because the wife's motion for sanctions had been combined with her motion to establish arrears and therefore did not comply with the statutory requirement that the motion "shall be made separately from other motions or requests." (§ 128.7, subd. (c)(1); *Corona, supra*, 172 Cal.App.4th at pp. 1224-1225, fn. 7.) The *Corona* court ultimately found an independent basis for affirming the sanctions order under Family Code section 271. (*Id.* at p. 1226.) Its observations regarding section 128.7 are therefore arguably dictum.

Defendants' inclusion of a request for dismissal in its motion for sanctions did not contravene any underlying statutory purpose. The requirement that a sanctions motion be made separately from other motions or requests "prevents the moving party from simply adding a sanctions request to every motion or opposition. [¶] It also prevents the moving party from seeking sanctions both under [section] 128.7 and some other source of sanctions power (e.g., sanctions for contempt or violation of court orders) in the 'same motion.'" (Rylaarsdam, et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 9:1191, p. 9(III)-24.) Neither of these purposes was frustrated in the instant case. Defendants' inclusion of a request for dismissal in their motion for sanctions under section 128.7 does not preclude us from affirming the sanctions award.

7

## II. Dismissal

Plaintiffs contend the trial court lacked authority to dismiss the action under section 128.7 or as a sanction for misconduct. The trial court did not invoke any statutory authority when it dismissed plaintiffs' action. Rather, the record shows the trial court dismissed plaintiffs' action under its inherent authority to control proceedings before it.

Independent of specific statutory grounds for dismissal, trial courts have an underlying inherent discretionary power to dismiss actions and claims. (See *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 ["courts have fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation before them"]; *Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 758-759 (*Slesinger*).) A trial court's exercise of that inherent power is reviewed under the abuse of discretion standard. (*Slesinger, supra*, at p. 765.) Under that standard, the trial court's decision may be reversed only "'for manifest abuse exceeding the bounds of reason.'" (*Ibid.*)

The record here discloses no abuse of discretion. Defendants presented evidence that all of plaintiffs' claims were barred by the written settlement agreement and release entered into by the parties in November 2009 and that the filing of the complaint was sanctionable under section 128.7. Plaintiffs offered nothing in opposition. Given these circumstances, the dismissal with prejudice of plaintiffs' action was not a manifest abuse exceeding the bounds of reason.

## III. November 8, 2011 order

Plaintiffs challenge the trial court's November 8, 2011 order denying their request for relief from dismissal under section 473, subdivision (b) and denying their motion for reconsideration. Plaintiffs' challenge is not cognizable on appeal because the November 8, 2011 order was not a valid order. The filing of the notice of appeal on September 28, 2011 terminated the trial court's subject matter jurisdiction over the pending requests for relief and reconsideration, and the trial court had no authority to issue the November 8, 2011 order. (§ 916, subd. (a); *Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 41-42.)

## DISPOSITION

The order imposing sanctions under section 128.7 is affirmed, as is the order dismissing the action with prejudice. Defendants are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.*
FERNS

_____

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.