Filed 9/16/13  Paluda v. Young CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LINDA M. PALUDA et al., | |
| Plaintiffs and Appellants, | C068882 |
| v. | (Super. Ct. No. 05PR01793) |
| CAROLYN M. YOUNG, as Trustee, etc., | |
| Defendant and Appellant. | |

Plaintiffs Linda Paluda and Terry Peterson are sisters and beneficiaries of a family trust.  Their father, Bob Hamblen, was the trustee until it was alleged that he had wasted or transferred substantial trust assets.  A stipulated judgment provided for Hamblen to encumber his house in favor of the trust and for the appointment of defendant Carolyn M. Young as successor trustee.

Despite the terms of the stipulated judgment, Hamblin did not assign an interest in the house to the trust.  Instead, he took out a mortgage against the house.  Young

1

subsequently perfected the trust's interest in the house, but that interest was subordinate to the mortgage lender's interest. When the house was sold, the lender was fully repaid and the trust was not.

The sisters sued Young for breach of trust in late 2010, alleging that she should have prevented the mortgage lender from taking an interest in the house. Young moved for summary judgment, asserting that the action is time-barred and that she is protected from liability by an exculpatory clause in the trust instrument. The trial court granted summary judgment, agreeing with Young that she is protected from liability by the exculpatory clause.

The sisters now appeal the judgment of dismissal, arguing that the exculpatory clause is not applicable because Young was grossly negligent or recklessly indifferent.

Young cross-appeals, claiming the trial court should have applied a record notice standard rather than an actual notice standard in analyzing the statute of limitations.

We conclude the trial court did not err in granting summary judgment. The sisters did not offer any evidence to refute the undisputed material facts set forth in Young's moving papers. Accordingly, we need not address the contentions in Young's cross-appeal.

We will affirm the judgment of dismissal.

BACKGROUND

Bob and Evangeline Hamblen established a revocable family trust in 1982. They named as beneficiaries their three children, Paluda, Peterson and a now-deceased son. After Evangeline's death in 1996, Hamblen divided the trust into subtrusts, including Trust B, which is at issue.[1]

---

[1] Trust A was designed to hold the surviving spouse's interest in the trust (Hamblen's, as it turned out); Trust B was to hold an amount equivalent to the maximum federal estate

In November 2005, Peterson petitioned the trial court to remove Hamblen as trustee, to suspend his powers, to appoint a successor trustee, and for an accounting. The petition alleged that Hamblen had transferred assets valued at more than one million dollars from Trust B to a woman named Wagma Safi and had given Safi a joint tenancy interest in his home. In May 2006, Hamblen and the trust beneficiaries entered into a stipulated judgment. The stipulated judgment defined Trust B to include, among other things, a "promissory note . . . secured by a first deed of trust as to an undivided one-half interest [in]" the house he shared with Safi. By stipulation, the parties also agreed that Hamblen had resigned as trustee and that Young would be appointed as successor trustee. It is undisputed that Young was not a party to the stipulation and was not involved with its drafting or execution.

In the months between execution of the stipulated judgment and Young's appointment, Hamblen failed to prepare or execute the promissory note mentioned in the stipulated judgment or to file a deed of trust encumbering his home in favor of the trust. None of Hamblen's children took any action to enforce the judgment against their father or to file it at the county recorder's office as a claim against the house.

Among the undisputed material facts presented by Young in support of her motion for summary judgment were these: Peterson notified Young on January 16, 2007, that Hamblen was attempting to obtain a loan and to use his home as security. Before January 16, 2007, Peterson did not inform Young about the existence or terms of the stipulated judgment or of Hamblen's failure to comply with it. Young believed Trust B owned the house outright and that Hamblen could not borrow against it without her consent. On or about January 18, 2007, Young attempted to hinder Hamblen's effort to borrow against the house by sending an affidavit to the Placer County Recorder declaring

tax exemption ($600,000); and Trust C was to hold the interest, if any, of the first of the spouses to die.

3

her role as successor trustee of Trust B, which she asserted had an interest in the property. On January 19, 2007, Young had her attorney send a letter to Hamblen warning him that he could not encumber the property without Young's consent. On January 26, 2007, Countrywide Home Loans, Inc., recorded its secured interest in the house as collateral for a $200,000 loan to Hamblen and Safi.

There was an exculpatory clause in the trust instrument defining the duties and obligations of trustees. On page 15 at paragraph F, the trust instrument provided: "A Trustee, except a Trustee who is also a beneficiary, shall be responsible only for such Trustee's own acts and omissions in bad faith." It continued: "Moreover, a successor Trustee shall not be liable for any action taken by a Trustee prior to the time such successor Trustee becomes a Trustee."

Young declared under oath that Peterson first informed Young about the existence of the stipulated judgment and about Hamblen's failure to comply with its terms in February 2007, after the mortgage interest at issue had been perfected. That evidence was designated undisputed material fact No. 19 in Young's separate statement. The sisters disputed fact No. 19, but they did not cite contrary evidence.[2] In fact, the trial court's tentative order noted that the declarations accompanying the sisters' opposition to summary judgment "did not contain any statements contravening material facts relied upon by Young. Nor did the [sisters'] declarations contain any facts asserted by [the sisters] to be material. Indeed, [the sisters] did not submit any statement of additional material facts to support their opposition to the motion." The sisters made no effort to supplement the record with evidence.

---

[2] In their opposition brief, the sisters asserted, with no citation to authority or evidence: "Young had a duty to review all relevant documents and pleadings and to take all reasonable steps within her power to protect and preserve" the trust assets. In a supporting declaration, Peterson said she had spoken to her lawyer in January 2007 but did not know her father had failed to sign the promissory note or record the deed of trust.

4

The sisters also disputed Young's undisputed material fact No. 20, which asserted that "Peterson provided a copy of the [stipulated judgment] to Young, for the first time, in February 2007." But again the sisters offered no contrary evidence. They did not dispute any of the evidence Young submitted about her successful effort to force Hamblen to comply with the requirements of the stipulation and to have documents encumbering his home in favor of the trust recorded in the official records of Placer County.

The trial court granted summary judgment in favor of Young and dismissed the sisters' petition for breach of trust.

DISCUSSION

Summary judgment is granted when a party establishes that there is no triable issue of any material fact and that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) If the moving party establishes the absence of a triable fact, the burden shifts to the opposing party. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 861.) The opposing party may not simply rely on the pleadings. (*Committee to Save the Beverly Highlands Homes Assn. v. Beverly Highlands Homes Assn.* (2001) 92 Cal.App.4th 1247, 1260.) An opposition to summary judgment must include a separate statement that responds to each of the facts declared to be material and undisputed by the moving party and to set forth any other facts that the opponent asserts are material and disputed. (Code Civ. Proc., § 437c, subd. (b)(3).)

The California Rules of Court describe the format for the separate statement and for the required citations to evidence. (Cal. Rules of Court, rule 3.1350(d).) The separate statement is an indispensable part of the summary judgment process and an opposing party's failure to submit one can be a significant factor in the court's judgment. (*Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408, 418; *Whitehead v. Habig* (2008) 163 Cal.App.4th 896, 902.)

5

As this court has explained, in the absence of a separate statement with references to supporting evidence, "it is impossible for the plaintiff to demonstrate the existence of disputed facts." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.)

In support of her motion for summary judgment, Young set forth undisputed material facts establishing that she was a successor trustee to Hamblen, and that while he was serving as trustee, Hamblen failed to comply with a stipulated judgment requiring him to encumber his house; she also established that she took appropriate steps to force his compliance as soon as she discovered it. Given those and the other undisputed material facts set out above, we agree that the exculpatory clause provided Young with an affirmative defense to the sisters' claims. (Prob. Code, § 16461 [except in case of gross negligence, reckless indifference or self-dealing, exculpatory clause in trust instrument is effective].)

On appeal, the sisters do not cite evidence in the record that would defeat summary judgment, and the only law they cite involves general principles. Their argument is based solely on a paraphrase of Young's declaration: in January 2007, Young was unaware of the stipulated judgment, its terms and Hamblen's failure to comply with the terms; as of that date, the sisters had not informed Young of the existence or contents of the stipulated judgment. Thus, the sisters concede that they kept information about the stipulated judgment from Young until after the date of the alleged breach of trust. Nonetheless, the sisters contend, without citation to supporting evidence or authority, that Young was recklessly indifferent or grossly negligent because she did not find and record a copy of the stipulated judgment.

The sisters did not dispute Young's evidence that she believed the trust owned the house and took steps that would have been effective to stop Hamblen from encumbering the house if her belief had been true. In addition, they did not dispute evidence that Young made Hamblen comply with his obligation to the trust promptly after Peterson sent her a copy of the stipulated judgment. The sisters instead assert that there is "at least

6

one, and possibly more, material facts that remain in dispute." The disputed facts, they say, are whether Young was grossly negligent or recklessly indifferent, and whether Young's breach of trust resulted in a financial loss to the trust. But those assertions, without facts, do not satisfy their burden to establish that the trial court erred in granting summary judgment.

DISPOSITION

The judgment of dismissal is affirmed.


                                                            MAURO      , J.


We concur:


      ROBIE      , Acting P. J.


      HOCH      , J.