Filed 7/15/22  Ben-Yashar'el v. Kirschbaum CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| YACHIM BEN-YASHAR'EL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BLAKE KIRSCHBAUM, as Trustee, etc.,<br><br>Defendant and Respondent. | 2d Civ. No. B315184<br>(Super. Ct. No. 56-2021-00549871-CU-OR-VTA)<br>(Ventura County) |

*"A little learning is a dangerous thing;*
*Drink deep, or taste not the Pierian spring:*
*There shallow draughts intoxicate the brain,*
*And drinking largely sobers us again."*[1]

---

[1] Alexander Pope, *An Essay on Criticism*, 1711.

INTRODUCTION

Appellant Yachim Ben-Yashar'el[2] placed an ad in a local newspaper stating he intended to buy an unlisted hilltop property in Westlake Village. He mailed an unsolicited $800 check to the property owner's trustee (respondent). The unsuspecting trustee deposited the check; whereupon appellant claimed ownership of the property and encumbered it by recording a UCC1 form.[3] Respondent demanded appellant remove the encumbrance. Appellant refused; instead he sued to quiet title.

The trial court sustained the trustee's demurrer to the complaint without leave to amend and granted his motion for sanctions in the amount of $7,725. (Code Civ. Proc., § 128.7.) In doing so the court strongly expressed displeasure with appellant's meritless claim. Appellant appeals both rulings. We affirm in full.

FACTUAL BACKGROUND

Appellant seeks to enforce a non-existent agreement to purchase property at 3970 Victoria Lane in Thousand Oaks (the Property), valued around $30,000,000; his check is for $800.[4] The

---

[2] Appellant appears *In Pro Per* in this court as he did in the court below. He is neither benefited nor prejudiced because of his status. (See *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210 [self-represented litigant "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys"].)

[3] A Uniform Commercial Code (UCC) Financing Statement, Form UCC1, is a document recorded by creditors to notify the public of a debt secured by a debtor's personal property.

[4] Counties may impose a documentary transfer tax not to exceed $0.55 per $500 of property value for realty sold within the

Hilltop Trust (Trust) originally purchased the Property in July of 2019.[5]  J. Peter Wakeman served as trustee at the time of the deal and appeared as such on the grant deed.

Appellant alleges he sent Wakeman a "written offer" to purchase the Property in June of 2020.  He then ran a legal notice in the Ventura County Star newspaper stating: "ACT IN PAIS, bonded negotiable instrument(s) shall convey property, APN: 6900340035 as a purchase of Yachim Ben-Yashar'el.  Value and consideration shall be evidenced upon legal acceptance of instrument(s).  Ad #4222742."  The same day, appellant mailed a cashier's check for $800 to Wakeman's office.  The check named Renell Jones as remitter and referred only to "Ventura County Star Ad #4222742."

Wakeman allegedly accepted the "offer" when his office staff deposited the check.  Appellant promptly clouded the Property's title by recording a UCC1 form.  He listed Darnell Carter[6] and himself as secured parties and used a PO box in Lancaster, California as their mailing address.  Appellant then filed a verified complaint to quiet title, among other causes of action, in January of 2021.[7]  Respondent Blake Kirschbaum

county.  (Rev. & Tax Code, § 11911, subd. (a).)  The $34,650 tax reflected on the deed indicates the transaction was valued around $30 million.

[5] We source all recited facts from appellant's Verified Complaint and its exhibits.

[6] Respondent identifies "Darnell Carter" as another name used by appellant, and "Renell Carter" as appellant's mother.

[7] The verified complaint included the following causes of action:  (1) to quiet title; (2) for declaratory relief; (3) to impose a constructive trust; and (4) for injunctive relief.

succeeded Wakeman as trustee.  The trial court sustained his demurrer to the complaint and granted Wakeman's request for sanctions in the amount of $7,725. (Code Civ. Proc., section 128.7).  This appeal followed.

## DISCUSSION

### *Order Sustaining Demurrer*

We review an order sustaining a demurrer without leave to amend de novo, exercising our independent judgment as to whether a cause of action has been stated as a matter of law under any legal theory.  (*Villafana v. County of San Diego* (2020) 57 Cal.App.5th 1012, 1016; *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1469.)  We give the complaint a reasonable interpretation, considering all material facts that are properly pleaded and matters that may be judicially noticed, but not contentions, deductions or conclusions of fact or law.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)

At oral argument and in response to the court's expression of incredulity, appellant explained that "this [case] is not supposed to be understood logically.  This is supposed to be understood legally."  Appellant mistakes his recitation of black-letter law for a viable cause of action to quiet title.  The complaint fails to describe anything resembling a binding contract that entitles him to assert an interest in respondent's property.  The purported offer was a cryptic legal ad containing a parcel number, appellant's name, and a reference to an unnamed owner accepting "bonded negotiable instrument(s)."  The check received by Wakeman's office referred only to the newspaper ad's number and "Renell Jones" rather than appellant as the remitting party.  Even assuming Wakeman read the ad, the act of cashing the check did not evidence consent to convey the Trust's real property at any price.  (Civil Code, § 1550; see *Sacramento Box & Lumber*

4

*Co. v. Rosenberg Bros. & Co.* (1930) 109 Cal.App. 56, 59 ["[t]he rule is elementary that a person has a right to select and determine with whom he will contract, and he cannot have another thrust on him without his consent"].)

Appellant could not truthfully amend his verified complaint to cure this flaw nor to comply with the statute of frauds. (Civil Code, § 1624, subd. (a) [contract for sale of real property invalid if not "in writing and subscribed by the party to be charged or by the party's agent"].) The trial court properly sustained the trustee's demurrer.

*Order Granting Sanctions*

Code of Civil Procedure section 128.7, subdivision (b)(2) requires attorneys and unrepresented parties to certify that "claims, defenses, and other legal contentions" contained in their court filings "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." "[T]he trial court retains the discretion, upon the finding of a violation of subdivision (b), to determine whether a sanction is warranted in the first instance; and, if so, the type and amount of sanctions warranted." (*Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408, 422.) We reverse only if the court's abuse of discretion amounts to a miscarriage of justice. (*Ibid.*)

Respondent repeatedly notified appellant of the complaint's infirmities and the consequences of pursuing it. Appellant nevertheless refused to withdraw his claims within the 21-day safe harbor period (Code Civ. Proc., § 128.7, subd. (c)) and proceeded with the demurrer and the accompanying motion for sanctions. The trial court characterized appellant's complaint as "improvidently-filed"; "entirely lacking in merit" and; "patently and unquestionably frivolous" and, ultimately, it further found

5

Kirschbaum "met the considerably high burden of demonstrating entitlement to monetary sanctions."

The sanction statutes "were crafted by the Legislature to strike a balance between competing interests:  the need to control improper litigation 'tactics' and the desire to avoid chilling vigorous advocacy." (*Pacific Trends Lamp & Lighting Products, Inc. v. J. White, Inc.* (1998) 65 Cal.App.4th 1131, 1136.)  The award here was entirely within both the court's statutory and inherent powers to dispose of not just meritless claims, but those "presented primarily for an improper purpose."  (Code Civ. Proc., § 128.7, subd. (b)(1).)  The record amply supports the order's reasoning and the amount awarded to respondent.[8]

## DISPOSITION

Judgment is affirmed.  Respondent shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P.J.                YEGAN, J.

---

[8] We deny appellant's motion for sanctions against respondent and his counsel filed January 18, 2022 and motion to strike portions of respondent's brief filed March 23, 2022.

6

Matthew P. Guasco, Judge
Superior Court County of Ventura

_____

Yachim Ben-Yashar'el, in pro per, for Plaintiff and Appellant.

Silver and Arsht, Samuel J. Arsht, Jeffrey A. Meinhardt, and Marsha C. Brilliant, for Defendant and Respondent.