Filed 6/20/25  Simpson v. Urdaneta-Cassoma CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| AZIZA SIMPSON,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>JENNIFER URDANETA-CASSOMA et al.,<br><br>　　　　Defendants and Respondents. | A171999<br><br>(Alameda County Super. Ct. No. 23CV038168) |

Aziza Simpson appeals from the trial court's grant of summary judgment in her tort action against her former neighbors, Jennifer Urdaneta-Cassoma and Evandro Cassoma (collectively, "the Cassomas").  We affirm.

### BACKGROUND

### A.

In her (pro per) complaint, Simpson alleged that, after the Cassomas moved into the apartment directly above hers, they engaged in conduct constituting harassment, intentional infliction of emotional distress, and interference with her right to quiet enjoyment of her home.  She alleged that the Cassomas repeatedly called the sheriff on her, falsely reporting that she was smoking, doing drugs, and producing excessive noise.  According to her complaint, the Cassomas were excessively noisy and intentionally dropped heavy objects on their floor—directly

1

above Simpson's head—causing loud disturbances at all hours of the day and night. In addition, Simpson alleged that the Cassomas installed two security cameras, one trained on her car and one trained on the front gate of their apartment complex, for the purpose of harassing and spying on her. Simpson further alleged that Evandro Cassoma approached her in a threatening manner on several occasions.

**B.**

The Cassomas filed a motion for summary judgment, with supporting declarations from both Jennifer and Evandro. The declarations specifically denied Simpson's allegations, stating that they did not harass or threaten Simpson; they did not falsely accuse her of smoking, using drugs, or making excessive noise; they did not install security cameras for the purpose of harassing or spying on her; and they did not make excessive noise, intentionally drop items on the floor of their apartment, or intentionally make noise in their apartment. Nor did they call the sheriff to complain about Simpson for the purpose of harassing her.

Jennifer's declaration explained that she had called the sheriff's office to report loud banging noises that she believed were coming from Simpson's apartment. Jennifer believed that "Simpson was repeatedly banging on the ceiling of her apartment unit . . . during the day" on multiple days. To Jennifer, it sounded like Simpson was tracking Jennifer and her toddler's movements inside their apartment, banging on the ceiling directly beneath their location in the apartment, "repeatedly [throughout] the day." Jennifer had contacted the sheriff in an effort to stop Simpson from banging on the ceiling underneath Jennifer's apartment.

With respect to the video cameras, Jennifer's declaration explained that she had received authorization from the property manager to put up the cameras to address her concerns about

2

people removing things from her mailbox and vandalizing or burglarizing her car.

In Simpson's opposition to the summary judgment motion, she argued that the Cassomas had no evidence because the only support from their factual position came from their self-serving declarations. Simpson's opposition, however, did not present any evidence disputing the Cassomas' account or otherwise supporting the allegations in her complaint.

The trial court granted the summary judgment motion. The court concluded that the Cassomas had presented facts negating the theories of liability in Simpson's complaint. As a result, Simpson could not rely only on her allegations but instead had to come forward with evidence creating a disputed issue of material fact. Because Simpson had failed to do so, the court reasoned, the Cassomas were entitled to summary judgment.

## DISCUSSION

Simpson argues that the trial court erred in granting the summary judgment motion because the Cassomas failed to present any evidence other than their own declarations. Reviewing the question de novo (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476), we disagree.

A trial court must grant summary judgment when there is no disputed issue of material fact and the movant is entitled to judgment as a matter of law. (See Code Civ. Proc., § 437c, subd. (c).)[1] Section 437c, subdivision (p)(2), provides that in moving for summary judgment, a "defendant . . . has met that party's burden of showing that a cause of action has no merit if the party has shown that one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to the cause of

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

action." Once the defendant has met that burden, the burden shifts to the plaintiff to raise a triable issue of fact. (See § 437c, subd. (p)(2); *Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 274; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 (*Atlantic Richfield*).) The plaintiff's burden at this stage is a burden of production, which requires the presentation of evidence. (*Atlantic Richfield*, at p. 850.) The plaintiff "shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." (§ 437c, subd. (p)(2); see also *Atlantic Richfield*, at p. 849.)

Here, the Cassomas presented evidence in the form of declarations which negated the factual allegations of the complaint. Motions for summary judgment may be supported by affidavits or declarations based on personal knowledge. (See § 437c, subd. (d).) To dispute the contents of the declarations, Simpson was required to produce evidence of her own. (See § 437c, subd. (p)(2); *Atlantic Richfield*, *supra*, 25 Cal.4th at p. 850.) Because Simpson failed to do so, the trial court correctly granted the summary judgment motion. (See § 437c, subd. (p)(2); see also *Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408, 417 ["Because plaintiff did not controvert defendants' declarations in support of their motion for summary judgment, the trial court properly accepted them as true for purposes of the summary judgment motion."].)

## DISPOSITION

The judgment is affirmed.

4

BURNS, J.

WE CONCUR:

SIMONS, ACTING P. J.
CHOU, J.

*Simpson v. Urdaneta-Cassoma et al.  (A171999)*