Filed 11/20/15  Witt v. Physical Therapy Specialists CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| DIANE WITT, | B249101 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC111354) |
| v. | |
| PHYSICAL THERAPY SPECIALISTS OF BEVERLY HILLS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Norman P. Tarle, Judge.  Affirmed.

Diane Witt, in pro. per., for Plaintiff and Appellant.

Morris Polich & Purdy LLP, Richard H. Nakamura, Jr., Marc S. Katz for Defendant and Respondent.

INTRODUCTION

In this action for medical negligence, plaintiff and appellant Diane Witt appeals from a judgment following the granting of a motion for summary judgment in favor of defendant and respondent Physical Therapy Specialists of Beverly Hills ("defendant"). Plaintiff contends the court denied her the right to argue in opposition to the motion at the hearing, in violation of due process. We affirm the judgment.

PROCEDURAL BACKGROUND

Plaintiff filed a complaint against defendant and Melia Kakita, DPT on February 4, 2011 for damages for medical negligence. She filed a First Amended Complaint on July 16, 2012.[1] In the amended complaint, she alleged that the treatment she received in 2007 from defendant and Kakita injured her left leg.

In an answer filed July 25, 2012, defendant denied every allegation of the first amended complaint and asserted affirmative defenses.

On November 30, 2012, defendant filed a motion for summary judgment on the ground, among others, that there is no triable issue of material fact in that the treatment provided by defendant was within the standard of care and did not cause plaintiff's injuries. In support of the motion, defendant filed a declaration of Dr. Robert M. Wilson, a separate statement of undisputed material facts, and a copy of the records reviewed by Dr. Wilson. The motion was noticed to be heard February 14, 2013.

Wilson, a physician board certified in orthopedic surgery and former director of physical therapy at a hospital and a physical therapy center, declared that, prior to being treated by defendant, plaintiff had "quite an extensive history of complaints [beginning in 1993] involving her legs, with many symptoms being experienced only in the left leg and the left side of her body in general. [Plaintiff's] numerous and frequent healthcare

---

[1]     Kakita was not served in the proceeding, and she did not appear.

2

providers found that in addition to having osteoarthritis, fibromyalgia, and degenerative disc disease, [plaintiff] also likely suffers from a somatoform disorder." Wilson concluded to a reasonable degree of medical probability that the symptoms plaintiff reported concerning her left knee were symptoms of these diseases and conditions and were not the result of the Pilates exercise she performed on August 7, 2007.

On January 15, 2013, plaintiff made an ex parte application to continue the hearing on the motion and the trial (set for March 2013) for 9 to 12 months to secure counsel to represent her. On January 30, 2013, the court continued the hearing on the summary judgment motion and plaintiff's application for a continuance to February 27, 2013. A status conference regarding plaintiff's legal representation was set for the same date. Plaintiff did not file opposition to the summary judgment motion. On February 20, 2013, defendant filed a notice that plaintiff had not filed opposition.

On February 26, 2013, the court posted a tentative ruling granting the motion for summary judgment. In the tentative ruling, the court stated that defendant presented a declaration of Dr. Wilson, an expert in orthopedics. The court stated Wilson declared he reviewed plaintiff's medical records. He summarized the history of plaintiff's complaints, treatment and outcome, and concluded that her care and treatment complied at all times with the standard of care and did not cause or contribute to any injury she sustained. Based on Wilson's declaration, the court concluded defendant satisfied its burden to show entitlement to judgment as a matter of law. The court noted that plaintiff's opposition was due February 13, 2013. No opposition was filed. Accordingly, in the tentative ruling, the court granted the motion.

On February 27, 2013, the court put the matter over to March 6, 2013 for argument on the motion to continue the hearing.

On March 6, 2013, plaintiff argued the court should grant her application for a continuance. The court denied a continuance and granted summary judgment to defendant. While the court was stating its ruling, plaintiff requested to respond to one thing the court had said concerning her request for a continuance. The court denied the

3

request.[2]  The court adopted its tentative ruling in its entirety, granting judgment to defendant.

## DISCUSSION

Plaintiff does not challenge the ruling denying her request for a continuance.  Nor does she challenge the court's finding that defendant met its burden of showing it was entitled as a matter of law to summary judgment.  Plaintiff's sole contention is that it was an abuse of discretion and violation of due process to grant summary judgment without allowing her to speak at the hearing in opposition to the summary judgment motion.  We disagree with the contention.

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 473c, subd. (c).)  . . .  In the trial court, once a moving defendant has 'shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established,' the burden shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff 'may not rely upon the mere allegations or denials

---

[2]      Plaintiff and the court engaged in the following colloquy.  "Ms. Witt:  You are granting a motion for summary judgment, your honor?  [¶]  The Court:  Ms. Witt, I have listened to what you have to say.  I have had this case now . . . for two years.  I have extended the time for summary judgment.  I have - - [¶]  Ms. Witt:  But, your honor - - [¶]  The Court:  Please don't interrupt me.  The motion is granted.  . . .  Counsel is to give final notice and prepare a judgment . . . by the 13th of March.  [¶]  Ms. Witt:  Your honor, could I respond to one thing?  [¶]  The Court:  No, no, no.  Not at this point.  I have listened to what you have to say.  I have given you continuances.  At this point, there is nothing further.  [¶]  Ms. Witt:  I don't believe you are giving me the same continuances as you would have if I were an attorney.  [¶]  The Court:  I have given you more, actually.  The case generally with an attorney would not have gotten this - - [¶]  Ms. Witt:  I am talking about if a new attorney had stepped in.  You yourself had just said to me if a new attorney had stepped in, you would have given them additional time to prepare and to go on.  [¶]  The Court:  Ms. Witt - - [¶]  Ms. Witt:  I am being put in a position where I am the attorney.  I am not an attorney and you are not - - [¶]  The Court:  We're done.  Thank you."

4

of its pleadings . . . but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . .' [Citations.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476-477.)

"The opposition papers shall include a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (Code Civ. Proc., § 437c, subd. (b)(3).) If the movant made a prima facie showing of entitlement to summary judgment, and the opponent of the motion did not file a separate statement, the court may conclude the opponent failed to meet its burden to show the existence of a triable issue and grant summary judgment. (*Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408, 416.)

Preliminarily, we note that plaintiff's contention mischaracterizes the record: plaintiff did not ask to argue in opposition to the summary judgment motion. She asked to respond to something that was said concerning her request for a continuance. The court cannot be faulted for failing to afford plaintiff an opportunity that plaintiff did not request.

In any event, it is undisputed both that defendant met its burden to show entitlement to judgment as a matter of law and that plaintiff filed no declaration by an expert or other papers in opposition. In these circumstances, the court had discretion to conclude plaintiff failed to meet her burden to show the existence of a triable fact and to grant judgment to defendant. (Code Civ. Proc., § 437c, subd. (b)(3).) Plaintiff does not show how any denial of an opportunity to argue at the hearing rendered the judgment a prejudicial abuse of discretion. Plaintiff had the burden to demonstrate, by reference to evidence in the record, that there was a triable issue of material fact. The burden cannot

5

be met by an argument.  Accordingly, the grant of summary judgment was not an abuse of discretion.

DISPOSITION

The judgment is affirmed.  Defendant Physical Therapy Specialists of Beverly Hills shall recover its appeal costs from plaintiff, Diane Witt.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KIRSCHNER, J.[*]

We concur:

TURNER, P.J.

BAKER, J.

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.